Opinion
Per Curiam,
An order was entered on October 20, 1965, by stipulation of the parties, whereby appellant agreed to certain support provisions for his wife and children for a three year period. The agreement specifically provided that: “If, however, defendant’s financial condition changes, he shall have the right granted under law to petition the court for a reduction in the amount of the weekly support.”
Appellant filed a petition to reduce the above order based, inter alia, on “a material change in the financial circumstances of the defendant so as to entitle him to relief.” A hearing was held and testimony taken on July 26, 1967. The lower court entered an order on November 16, 1967, dismissing appellant’s petition to reduce the order. Appellant’s petition for a rehearing was similarly denied by the lower court on December 4, 1967. No opinion or reasons were filed supporting the dismissal of appellant’s petition to re *138 cluce the order or his petition for a rehearing. Appellant now appeals.
In light of the present record, it is our opinion that the lower court erred in dismissing the petition for rehearing. The Notes of Testimony taken on July 26, 1967, suggest that changes were occurring or about to occur in appellant’s financial status. . Moreover, the projections of change testified to by appellant’s accountant, in July 1967, could have been accurately assessed after September 30, 1967, which was the end of appellant’s fiscal year. Only by closely scrutinizing these records at a rehearing could the lower court adequately determine whether appellant had actually suffered a material change in financial status that would permit a reduction in the support order.
We therefore remand the case with instructions to hold a rehearing at which additional testimony may be presented in order to determine whether there has been sufficient change in appellant’s financial status to justify a reduction of the support order.