## Commonwealth ex rel. O'Neill *v.* O'Neill, Appellant.

*George J. O'Neill,* for appellant.

*Harry Aaron Rubin,* for appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

This is an appeal from the lower court's refusal to vacate or reduce a support order.

On February 29, 1972, a hearing was held before the Honorable William A. DWYER, Jr., Judge of the Court of Common Pleas of Philadelphia on the petition of appellant's former wife for support of their four children —Kathleen, age 18, Eileen, age 17, Michael, age 14, and

Joyce, age 11. The testimony established that all four children resided with their mother in a house owned by appellant George O'Neill and his former wife, Arlene M. O'Neill, as tenants by the entireties. Furthermore, the appellant had earned $29,000.00 during 1971. The petitioner, Arlene M. O'Neill, alleged that she needed $222.65 per week to support their four children. On June 29, 1972, the lower court entered a support order in the amount of $150.00 per week.

One day following the entry of this order, the appellant filed a motion to vacate that order and "to grant a new trial or rehearing." The appellant alleged that since the February 29, 1972 hearing there had been a change of circumstances requiring the vacation of the order. The following constitute the alleged change in circumstances: (1) Appellant's daughter Eileen has married and resides with her husband who supports her. (2) Appellant's daughter Kathleen is emancipated, employed and living with appellant. (3) Appellant supports his two minor children who are living with their grandmother in North Wildwood, New Jersey. (4) Petitioner Arlene M. O'Neill has remarried and resides with her new husband. (5) Appellant's income for 1972 will not exceed $18,000.00.

Normally, this petition would have been presented to Judge DWYER, but he was on vacation. Thus, Judge Gregory G. LAGAKOS issued a stay of all proceedings on July 10, 1972. On September 27, 1972, the following took place before Judge DWYER: *"Mr. Rubin (Attorney for Mrs. O'Neill)*: 'If your Honor please, this was heard before you and a decision was rendered. I feel that the petitioner was in error in what he did. Instead of taking an appeal from your Honor's decision to the Superior Court or asking for a petition to reduce, he went to another Judge and had a Judge sign an order staying your previous order which I feel is highly

irregular. I never heard of a Judge in the Family Division overruling another Judge who has issued an order in the case.' *The Court*: 'The petition is forthwith dismissed; order of 6-29-72 to stand.' *Mr. O'Neill*: 'May I be heard.' *The Court*: 'No, you may not.' "

Although appellant's petition was not specifically entitled a petition to reduce support, the papers themselves requested a re-hearing setting forth changed circumstances as the basis for his request. Thus, the lower court should have considered the petition as if it were entitled a petition to reduce or vacate the support order.

"A determination of the amount to be awarded as support is not final inasmuch as it may be modified where the financial condition of the parties changes, or where other proper reasons are assigned." *Commonwealth ex rel. Kaplan v. Kaplan*, 219 Pa. Superior Ct. 163, 165, 280 A. 2d 456 (1971). Among the changed conditions for which a support order may be modified is the emancipation of minor children. *Commonwealth ex rel. Welsh v. Welsh*, 222 Pa. Superior Ct. 585, 587, 296 A. 2d 891 (1972). Since appellant alleges a changed financial condition and the emancipation of a minor child as well as other changed circumstances, appellant should have received a hearing on his petition.

The case is remanded to the lower court with a procedendo.