Commonwealth ex rel. D'Alfonso, Appellant, *v.* D'Alfonso.

Argued March 19, 1956. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (RHODES, P. J., absent).

*Charles S. Schermer,* for appellant.

*George O'Dougherty,* with him *Bernard L. Lemisch* and *J. Dennis Sheedy,* for appellee.

OPINION PER CURIAM, April 11, 1956:

The pertinent record of this controversy begins with an order entered by Judge FRANCIS F. BURCH in the Municipal Court of Philadelphia County on May 31, 1949; by the order the respondent was ordered to pay his wife $27.50 per week for her support. That order, in the absence of an appeal from it, became res adjudicata as of its date. It however, was subject to future modification, but only upon proof of subsequent material changes in conditions and circumstances affecting the relation of the parties. *Com. ex rel. Soprani v. Soprani,* 160 Pa. Superior Ct. 542, 52 A. 2d 234; *Com. ex rel. Goldenberg v. Goldenberg,* 159 Pa. Superior Ct. 140, 47 A. 2d 532; *Com. ex rel. Crandall v. Crandall,* 145 Pa. Superior Ct. 359, 21 A. 2d 236.

On September 14, 1950, respondent presented his petition to Judge BURCH for a reduction in the amount of the order which, after hearing was dismissed. A second similar petition was dismissed on August 1, 1953, by Judge BURCH. Respondent on April 14, 1954 presented his petition of like import in the instant proceeding to the late Judge CHARLES McVEIGH WILLITS of the Municipal Court, and a hearing was held before that judge over the present appellant's protest that the matter should have been referred to Judge BURCH for disposition. Judge WILLITS after hearing reduced the amount of the order to $22.50 per week from which the relatrix took this appeal.

The respondent is a licensed undertaker in the States of Pennsylvania, New Jersey and New York. At the time of the hearing he was also receiving $71 per

week from the state for services as an inheritance tax investigator. Judge BURCH, from the testimony in many hearings before him, is familiar with respondent's actual earnings as well as his earning potential. Under the circumstances he of all the Municipal Court judges was best qualified to determine whether there had been a material change in circumstances since the order of May 31, 1949 which would affect the finality of respondent's obligation under that order, to support his wife.

The order is set aside, without prejudice however to the respondent's right to a hearing on the merits before Judge BURCH. Cf. *Com. ex rel. Moss v. Moss,* 159 Pa. Superior Ct. 133, 47 A. 2d 534; *Com. ex rel. Goldenberg v. Goldenberg,* supra.