## Commonwealth ex rel. Naselsky *v.* Naselsky, Appellant.

Argued June 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, MONTGOMERY, and FLOOD, JJ. (WATKINS, J., absent).

*Max Palitz,* for appellant.

*Sidney Ginsberg* and *John R. Meade* submitted a brief.

Opinion by Woodside, J., September 13, 1962:

This is an appeal from an order of the County Court of Philadelphia dismissing a petition to reduce an order of $50 per week for the support of a wife.

The original order was entered April 7, 1961. The petition to reduce was filed November 21, 1962. No appeal having been taken from the original order, the wife's right to support has been established and that order became res adjudicata as of its date. It is, of course, subject to modification upon proof of subsequent material changes in conditions and circumstances affecting the relation of the parties. *Commonwealth ex rel. D'Alfonso v. D'Alfonso*, 181 Pa. Superior Ct. 71, 121 A. 2d 900 (1956). This appeal cannot be used to have us review the merits of the original order. *Commonwealth v. Knobloch*, 89 Pa. Superior Ct. 216 (1926).

The defendant, approximately 58 years of age, and his wife, approximately 53 years of age, had been married over 30 years when they separated four years ago.

At the first hearing on the petition for support the defendant admitted that he was engaged in the pretzel business with an investment of approximately $8800 from which he was drawing $75 per week. He also admitted to having a small bank account, an automobile and transactions in buying and selling scrap or surplus materials. He subsequently sold his pretzel business at 12th & Market Streets in Philadelphia for $15,000.

Since the order was entered, he again went into the pretzel business, but contends he lost money on it. Judge Michael J. O'Donnell who heard the case concluded as follows:

"The fact that he contends he sustained some small loss in the new pretzel business in New Jersey, which he operated for a short period of time in 1960, does not mean that in time this business would not improve

so as to show a profit. Even if the defendant does close down this pretzel stand he is presently operating, he would, in all probability, judging from his past experience, soon be in another business. The history of business is replete with men unsuccessful in business one year and successful the next year. This man has the potential ability to earn money. He has earning power. He is physically well enough to engage in business for himself even if an employer would not care to hire him because of his age. He cannot refuse to occupy his time profitably for the purpose of reducing the Order.

"Further, the Court, in passing upon the facts, is not compelled to accept as verity the statements of the defendant but may make its own deductions from the evidence and accompanying circumstances: Com. ex rel. Crandall v. Crandall, 145 Pa. Superior Ct. 359 (1941). In our opinion, the defendant was not a credible witness.

"The burden is upon a defendant who seeks to reduce an Order for Support to establish by credible and competent evidence such changes in conditions and circumstances as would justify a modification of the Order, and these changes must be bona fide and permanent: Crandall v. Crandall, supra.

"We are not convinced that the defendant has met that burden of proof. The defendant has not established that there has been such a substantial and permanent change in his circumstances as to require a modification of the Order."

From the $50 per week received by the wife, she must pay her own medical expenses, and the carrying charges on the premises held by entireties in which she is residing. These carrying charges are approximately $56 a month and enure in part to the benefit of the defendant by increasing his equity in the premises.

274

When a defendant operates a business of his own, it is frequently difficult to determine his actual income. The court need not accept as accurate the testimony of the defendant nor the financial record of his accountant made from information furnished by the defendant. It could make its own deductions from the evidence and the accompanying circumstances. *Com. ex rel. Crandall v. Crandall*, 145 Pa. Superior Ct. 359, 363, 21 A. 2d 236 (1941); *Williams v. Williams*, 175 Pa. Superior Ct. 409, 413, 104 A. 2d 499 (1954).

The defendant was a businessman who, the court found, was able to accumulate substantial amounts of cash for the payment of bills. It would serve no useful purpose to detail the evidence. The court below was justified in concluding that the defendant continues to have an earning capacity of $150 per week, upon which basis the order was originally entered.

Order affirmed.