Commonwealth ex rel. DeMedio, Appellant, *v.* DeMedio.

Argued June 14, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Anthony S. Minisi,* with him *Gerald J. McConomy,* and *Wolf, Block, Schorr* and *Solis-Cohen,* for appellant.

*Alan E. Boroff,* with him *Morris Gerber,* and *Wisler, Pearlstine, Talone & Gerber,* for appellee.

OPINION BY WRIGHT, J., September 14, 1967:

We are here concerned with an appeal on behalf of a wife, Rose DeMedio, from an order of the Court of Quarter Sessions of Montgomery County, entered January 16, 1967, granting the petition of her husband, Samuel DeMedio, to suspend an existing support order.[1] The appeal will be sustained.

---

[1] "AND Now, after argument before the Court en banc consisting of J. WILLIAM DITTER, JR. Judge, FREDERICK B. SMILLIE, Judge and WILLIAM W. VOGEL, Judge the Petition to Suspend the Support Order is granted and the support order entered September 24, 1957 for Rose DeMedio is hereby suspended on the express condition that all arrearages are paid to the date of the present Order, and that payments after the date of the present Order shall continue to be made to Dennis A. Hogan, Chief Desertion Officer, which shall be retained by him, in trust, until a final decree of the Court of last resort is had on the annulment proceeding pending in the Court of Common Pleas of Montgomery County, Penn-

The parties were married on September 6, 1947, and do not have children. There were apparently no difficulties until May 1954 when, according to the husband's testimony, "she started saying things out of color. I had her to a doctor and he suggested she should have some shock treatments". Rose was thereafter hospitalized from time to time and finally, according to her uncle's testimony, Samuel "said he didn't want to have nothing to do with her anymore". Rose was then taken to Boston where she resides with her mother, Catherine DiNatale, and continues to require medical treatment. On June 29, 1956, the Probate Court of Suffolk County, Massachusetts, appointed Mrs. DiNatale as Rose's temporary guardian on the ground that she was "a mentally ill person".

On February 23, 1957, a petition for support was filed. On September 24, 1957, after hearing testimony, the late President Judge HAROLD G. KNIGHT entered an order "that you Samuel W. DeMedio pay to Catherine DeNatale, temporary guardian of Rose DeMedio, the sum of eighty dollars per week towards the support and maintenance of Rose DeMedio, your wife". Exceptions, see *Commonwealth v. McAlaine,* 193 Pa. Superior Ct. 27, 163 A. 2d 711, were dismissed on December 23, 1957. No appeal was taken. On August 9, 1961, Samuel petitioned for reduction of the support order and remission of arrearages. After taking extensive testimony at two hearings, Judge ROBERT W.

sylvania, as of No. 174, June Term, 1957, captioned 'Samuel W. DeMedio v. Rose M. DeMedio, defendant, and Elkins Wetherill, guardian ad litem', at which time said accrued support payments shall be paid by Dennis A. Hogan to Samuel W. DeMedio, if the divorce or annulment is granted, or to Rose M. DeMedio, or her guardian, if the annulment proceeding is denied".

HONEYMAN dismissed this petition on July 17, 1962. The able opinion filed at that time merits special commendation. Again no appeal was taken. Samuel's petition to suspend the support order, with which we are presently concerned, was filed December 5, 1966.

It becomes necessary to mention a collateral proceeding between the parties, upon the basis of which the court below predicated the order of suspension presently under attack. The record in this proceeding is not before us. According to the opinion below, on June 25, 1957, in the Court of Common Pleas of Montgomery County at No. 174 June Term 1957, Samuel filed an action for annulment or divorce. This action was referred to a master who, more than nine years later (November 16, 1966), filed a report which recommended that a decree of annulment be entered because Rose was mentally incapable of entering into a valid marriage contract. Appellant's brief contains the following statement: "Rose filed Exceptions to the Master's Report and after argument, the Court of Common Pleas referred the Master's Report back to the Master for more complete findings on the prayer for a divorce. The Master has not yet submitted his final Report to the Court of Common Pleas".

We are obviously not in position to render a judgment in the Common Pleas action. So far as the support proceeding is concerned, however, we are clearly of the opinion that the validity of the marriage was necessarily established. Our review of the record discloses that Samuel at no time raised any question in this regard. The entry of an order of support, unappealed from, is generally res judicata as to all defenses which might have been raised: *Commonwealth ex rel. Johnson v. Johnson*, 181 Pa. Superior Ct. 172, 124 A. 2d 423. The case of *Commonwealth ex rel. DiDonato v. DiDonato*, 156 Pa. Superior Ct. 385, 40 A. 2d 892, upon which the court below relied, involved a final de-

524

cree annulling a bigamous marriage. It was distinguished in the *Johnson* case, and is not here controlling.

The order of January 16, 1967, is reversed, and it is directed that the funds retained in trust be released forthwith.