Commonwealth ex rel. Kaplan, Appellant, *v.* Kaplan.

164

Argued June 18, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Joseph E. Gallagher,* with him *O'Malley, Morgan, Bour & Gallagher,* for appellant.

*Thomas J. Foley, Sr.,* with him *Samuel Fallk,* and *Rosser, McDonald, Marcus & Foley,* for appellee.

OPINION BY HOFFMAN, J., August 12, 1971:

This is an appeal from an order of the Court of Common Pleas of Lackawanna County reducing a support order for appellant-wife and one minor child from $120 per week to $65.00 per week. The initial support order was entered upon agreement of the parties based on appellee-husband's 1969 Federal W-2 Form. Three months after the entry of the initial order, appellee petitioned for modification on the ground that his earnings for 1970 had been substantially reduced.

At the hearing, appellee testified that he, his mother and a brother are the only stockholders, directors and officers of I. Kaplan Incorporated, a corporation engaged in the meat packing business. Appellee holds 20 percent of the stock and serves as vice-president.

He further testified that his basic salary from the corporation is $114.00 per week, but that this is augmented by a bonus which is computed each September, at the end of the fiscal year of the corporation. In 1969 this bonus amounted to $29,000.00. Appellee stated that in 1970 the bonus would only be $4,000.00.

Appellee's proof of his reduced earnings in 1970 was entirely limited to a copy of a resolution adopted by his mother, his brother and himself fixing the 1970 bonus for his brother and himself at $4,000.00 each. No other evidence was offered, and it appears at the time of the hearing in December of 1970 the corporation had not filed its 1970 fiscal year income tax return, nor had a balance sheet or a profit and loss statement been prepared. In addition, appellee had not filed a personal declaration of estimated Federal income tax for 1970.

On the basis of this testimony, the trial court reduced the support order. The instant appeal followed.

A determination of the amount to be awarded as support is not final inasmuch as it may be modified where the financial condition of the parties changes, or where other proper reasons are assigned. *Commonwealth ex rel. Meth v. Meth,* 188 Pa. Superior Ct. 553, 557, 149 A. 2d 488, 490 (1959), citing *Commonwealth ex rel. Barnes v. Barnes,* 151 Pa. Superior Ct. 202, 203, 30 A. 2d 437, 438 (1943). However, the burden is upon the party seeking a change in the amount of support to show by competent evidence such change in conditions or circumstances as would justify a modification of the original order. *Commonwealth ex rel. Brennan v. Brennan,* 202 Pa. Superior Ct. 255, 259, 195 A. 2d 150,

151-152 (1963); *Commonwealth ex rel. Meth v. Meth,* supra.

In the instant appeal, the only evidence presented to support appellee's contention that his financial condition had changed was the corporate resolution adopted by his mother, his brother and himself. This Court has previously held that "[w]ages paid by a family business must be scrutinized carefully. . . ." *Commonwealth ex rel. Arena v. Arena,* 205 Pa. Superior Ct. 76, 79, 207 A. 2d 925, 927 (1965) (Citations omitted), because "[w]hen a defendant operates a business of his own, it is frequently difficult to determine his actual income". *Commonwealth ex rel. Naselsky v. Naselsky,* 199 Pa. Superior Ct. 270, 274, 184 A. 2d 288, 289 (1962).

We believe that, in the absence of additional information clearly showing that such a reduction in appellee's bonus was warranted by the financial position of the corporation, appellee has not sustained his burden of proof. In light of appellee's failure to submit such additional testimony, we believe that the trial court should have examined "closely and suspiciously the setting of the defendant's salary" by his relatives and him. *Commonwealth ex rel. Decker v. Decker,* 204 Pa. Superior Ct. 156, 161, 203 A. 2d 343, 346 (1964). We further believe that the lower court gave too much credence to the self-serving corporate resolution in determining whether appellee actually suffered a material change in his financial status as would permit a reduction in the support order.[1] Cf. *Commonwealth ex*

---

[1] The court below stated that "there was no circumstantial evidence to suggest that the corporate bonus was contrived." We agree that on the state of the record this statement is accurate. However, the issue presented to the lower court was whether *appellee* had carried his burden of proof and not whether appellant had proved that there was some irregularity in the corporation's procedures.

*rel. Soloff v. Soloff,* 212 Pa. Superior Ct. 136, 138 240 A. 2d 562, 563 (1968) ; *Commonwealth ex rel. Decker v. Decker,* supra.

The order of the court below is vacated, the original support order of $120.00 per week is reinstated and the record is remanded for a further hearing in order to give appellee an opportunity to introduce proof of a material change in his present financial ability to pay support for his wife and child.