Bell, Appellant, *v.* Bell.

Submitted April 8, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert K. Stitt, III,* for appellant.

*Ronald J. Bua* and *Dane Critchfield,* for appellee.

OPINION BY PRICE, J., June 21, 1974:

This is an appeal from an order of the Court of Common Pleas of Allegheny County reducing a support order for appellant-wife from $170.00 per month to $75.00 per month.

The initial support order was entered by Judge John G. BROSKY on January 15, 1971, following a full hearing, directing appellee to pay $120.00 per month for the support of appellant. On March 17, 1972, another hearing was held before Judge BROSKY resulting in an order increasing the appellee's support payment to $170.00 per month. This amount was predicated upon appellee's gross wages as a chauffeur of $643.50 per month, net earnings of $506.08 per month, or one-third of the husband's spendable income. *Commonwealth ex rel. Lipsky v. Lipsky,* 214 Pa. Superior Ct. 215, 251 A. 2d 729 (1969).

Following the filing of petitions by both parties requesting modifications of the March 17 order, a hearing was held on July 7, 1972, by Judge Thomas A. HARPER, wherein Judge HARPER reduced the amount of the support order to $75.00 per month. Appellant appeals from the imposition of this order,[1] and contends that the lower court erred in reducing the March 17 order of $170.00 to $75.00 because the appellee failed to show any evidence of a material change in conditions or circumstances in the period following the order of March 17.[2]

---

[1] This action is governed by Section 263 of the Act of 1939, June 19, P. L. 440, No. 250, §1 (17 P.S. §263).

[2] Appellant also contends that the instant case should have been referred to Judge BROSKY, before whom the two previous hearings were conducted. This court has noted that a petition to vacate or modify a support order should, if possible, be referred to the judge who made the original support order, because that judge is best able to determine the questions involved. *Commonwealth ex rel. Skulsky v. Skulsky,* 168 Pa. Superior Ct. 635, 82 A. 2d 312 (1951).

Orders of support are not final and may be increased or decreased where the financial conditions of the parties change. *Commonwealth ex rel. Kaplan v. Kaplan,* 219 Pa. Superior Ct. 163, 280 A. 2d 456 (1971); *Commonwealth ex rel. Meth v. Meth,* 188 Pa. Superior Ct. 553, 149 A. 2d 488 (1959). However, the order may be modified only by a good faith showing that circumstances existing when the original order was made have materially and substantially changed. *Commonwealth ex rel. Naselsky v. Naselsky,* 199 Pa. Superior Ct. 270, 184 A. 2d 288 (1962); *Commonwealth ex rel. Crandall v. Crandall,* 145 Pa. Superior Ct. 359, 21 A. 2d 236 (1941). In considering whether the support order should be reduced, the court must take into consideration all relevant facts, *Commonwealth ex rel. Fryling v. Fryling,* 220 Pa. Superior Ct. 68, 283 A. 2d 726 (1971), and it is the burden of the party seeking to modify the order to show by competent evidence such a change in conditions as will justify a modification. *Commonwealth ex rel. Brennan v. Brennan,* 202 Pa. Superior Ct. 255, 195 A. 2d 150 (1963); *Commonwealth ex rel. Bassion v. Bassion,* 199 Pa. Superior Ct. 541, 185 A. 2d 822 (1962).

In the instant appeal, the evidence presented to support appellee's contention that circumstances had changed was that: appellant had exclusive possession of the appellee's house, with a rental value of $100.00 a month; appellant receives $10.00 a month from the rental of a garage; appellant's daughter by a prior marriage who resides with appellant, supports her mother by providing food, medicine and approximately $40.00 per month in cash. Appellee contends that these issues were never presented or settled in the prior support or-

---

However, this principle is not applicable in the instant appeal where appellant has shown no prejudice, and Judge HARPER had access to the record of the prior hearings before Judge BROSKY.

der, and should be considered sufficient changed circumstances as to uphold the validity of the July 7 order.

In proceedings of this nature, we will not interfere with the determinations of the court below unless there has been a clear abuse of discretion. *Commonwealth ex rel. Kreiner v. Scheidt*, 183 Pa. Superior Ct. 277, 131 A. 2d 147 (1957). Although the reduction of a support order is largely within the discretion of the lower court, it must be based upon facts appearing in the record which show such a permanent change in the appellee's circumstances as to require a modification of the existing order. In the instant appeal, we find no such evidence in the record. The evidence presented by appellee as to changed circumstances was only a description of conditions that existed before the order of March 17. Appellee has shown no evidence that any of these already known circumstances had changed materially and substantially since the order of March 17 had been promulgated. *Commonwealth ex rel. Naselsky v. Naselsky, supra; Commonwealth ex rel. Crandall v. Crandall, supra.* Thus, since no changed circumstances were presented from those litigated in the prior support hearings, the order of March 17 becomes res judicata as to these facts, *Commonwealth ex rel. D'Alfonso v. D'Alfonso*, 181 Pa. Superior Ct. 71, 121 A. 2d 900 (1956), and this appeal cannot be used to have us review the merits of the March 17 order. *Commonwealth v. Knobloch*, 89 Pa. Superior Ct. 216 (1926).

After a review of the evidence, we find that the lower court was not justified in modifying the support order of March 17, and therefore grant appellant's petition to vacate the order of July 7, 1972.

The order of the court below is vacated. The original support order of $170.00 per month is reinstated.