## Commonwealth ex rel. Schulberg *v.* Hirsch, Appellant.

180

Argued April 17, 1975. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*James L. Weisman,* with him *Friedman, Weisman, Passafiume, Swartz and Trimm,* for appellant.

No appearance entered nor brief submitted for appellee.

OPINION BY PRICE, J., September 22, 1975:

This is an appeal from an order refusing to suspend the support obligation of appellant, Zola Hirsch, toward his twenty-one-year-old son, Gary.

The facts reveal that the parties to the action were formerly husband and wife, parents of Gary and an older

daughter.[1] Gary became 21 on April 24, 1974. On July 19, 1974, appellant filed a rule to show cause why his support obligation should not be suspended. An ex parte hearing was held before Judge FINKELHOR on July 31, 1974, at which, on the advice of a Family Division Counselor that such a suspension was "routine," appellant represented himself. His petition was denied without opinion.

Appellant then obtained counsel, who filed a petition for a rehearing. The petition was granted and the case listed for hearing on August 26, 1974, before Judge SPARVERO. At that ex parte hearing, appellant testified that his son had attained age 21 years on April 24, 1974, that he had not seen his son for 9 years, and that he believed his son was in college in Florida. His belief was based upon an unverified letter, not of record, written by his former wife to a caseworker. Appellant further stated that he had stopped making support payments when his son became 21 years of age but because the Family Division Counselor told him he would have to obtain a court order releasing him from that obligation, he instituted the present action.

His petition was again denied, and appellant was ordered to continue to pay $75.00 per month support as long as his son attended Florida State University. This appeal followed.

Preliminarily, we are compelled to criticize the method by which this case came before us. Before the August 26, 1974, hearing was held, Judge SPARVERO questioned the propriety of holding a second hearing before a judge other than Judge FINKELHOR, who had initially heard the case. However, he ordered the case to proceed so as to comply with the order granting the rehearing petition. We agree with the lower court that the rehearing, if needed at all, should have been heard by Judge FINKELHOR.

---

1. The appellant's support obligation for the daughter was terminated by order of court entered October 4, 1972.

We have previously noted that the practice of granting a rehearing before a judge other than that who heard the case in the first instance is not in the best interests of the parties. *Commonwealth ex rel. Gershman v. Gershman,* 181 Pa. Superior Ct. 76, 122 A.2d 813 (1956); *Commonwealth ex rel. D'Alfonso v. D'Alfonso,* 181 Pa. Superior Ct. 71, 121 A.2d 900 (1956); *Commonwealth ex rel. Goldenberg v. Goldenberg,* 159 Pa. Superior Ct. 140, 47 A.2d 532 (1946); *Commonwealth ex rel. Moss v. Moss,* 159 Pa. Superior Ct. 133, 47 A.2d 534 (1946).

It has been, and remains, our belief that where the original judge is available, he or she should be the one to whom all questions of modification are directed. It is the primary judge who is most familiar with the case and most qualified to determine whether a modification is warranted under the circumstances. *Commonwealth ex rel. D'Alfonso v. D'Alfonso, supra.*

We have also previously noted that such a practice may be difficult in multi-judge counties, such as Allegheny County. But in this case, such difficulties surely were minimal considering the expiration of only 26 days.

The issue presented on this appeal is whether the lower court properly ordered appellant to pay support for his adult son. Appellant asserts that the order should be reversed for two reasons: (1) because it was based on incompetent evidence, and (2) because the mother of an adult son has no standing to proceed for support of that son. We agree with appellant that the order must be reversed.

This court has held that when a child attains majority, the presumption arises that "the reciprocal duties between father and child are at an end." *Commonwealth ex rel. Welsh v. Welsh,* 222 Pa. Superior Ct. 585, 588, 296 A.2d 891, 893 (1972), quoting *Commonwealth ex rel. O'Malley v. O'Malley,* 105 Pa. Superior Ct. 232, 234, 161 A. 883, 884 (1932). It is then incumbent upon the child to rebut the presumption. *Cf. Colantoni v. Colantoni,* 220 Pa. Superior Ct. 46, 281 A.2d 662 (1971).

In the instant case, appellant introduced evidence of a change in circumstances that would justify a modification of the support order when he offered testimony that his son, Gary, the subject of the support order, had attained majority. No evidence was introduced to prove that Gary is a college student. However, the order of court compels appellant to pay $75.00 per month support as long as Gary remains a student. This order was based upon a letter written to a caseworker by Gary's mother, who was not under oath at the time, and which was not admitted into evidence. Therefore, it was not properly taken into consideration as a factor for continuing support. *Commonwealth v. Minnick*, 432 Pa. 462, 247 A.2d 569 (1968).

We must also comment upon the additional issue raised on this appeal. Appellant contends that the mother of his adult son had no standing to proceed for the son's support.

The Civil Procedural Support Law, Act of July 13, 1953, P. L. 431, §5; Act of Aug. 14, 1963, P.L. 872, §1 (62 P.S. §2043.35(b)) provides: "A complaint may be filed by any person . . . to whom a duty of support is owing. It shall be filed on behalf of a minor child by a person having custody of the minor, without appointment as guardian ad litem. . . ."

Appellant asserts that the adult son is the person to whom a duty of support, if any, is owed and, therefore, the real party in interest. While we agree with appellant's interpretation of §2043.35(b), we believe he has lost sight of the purpose of the present action. It was appellant who instituted this action, seeking to terminate his duty to support his son. The order which he seeks to terminate was entered in his wife's favor. His son was not a named party. Therefore, the issue of Mrs. Schulberg's standing to maintain such a suit is not properly before the court at this time.[2]

---

2. We need not pass upon the merits of the adult son's claim for support at this time.

The order of August 26, 1974, continuing support is reversed and vacated retroactive to July 31, 1974. The case is remanded for a determination of arrearages to July 31, 1974, which remain appellant's obligation.