Commonwealth ex rel. Caplan, Appellant, *v.* Caplan.

Argued March 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Alan E. Boroff,* with him *Wisler, Pearlstine, Talone, Craig & Garrity,* for appellant.

*Bernard M. Gross,* with him *Lawrence G. Metzger, Paul J. Drucker,* and *Gross & Sklar,* for appellee.

OPINION BY WATKINS, P. J., October 28, 1975:

This is an appeal from the order of the Court of Common Pleas of Montgomery County in an action brought under the Civil Procedural Support Law for the support of the wife and two children.

The husband-appellee, David Caplan, is self-employed in the retail meat business and a marketing business in disposable paper products which according to the record has been greatly curtailed. The parties were married in 1948 and are the parents of three children, an adult son and two daughters. The daughters at the time of the hearing were 14 and 8 years of age respectively. The parties resided at 208 Stonehouse Lane, Wyncote, Cheltenham Township, Montgomery County, for a period of eight years prior to their separation. The wife still resides there while the appellee lives in an apartment where he pays $168 per month rent.

Extensive hearings were held and disclose that upon separation the parties divided their cash savings accordingly and investments accumulated over the years are held in escrow, the income from which is not available to the appellee; that in prior years when both parties were actively engaged in the operation of the business they enjoyed a sizeable income and had a high standard of living, but at present only the appellee being active in the business and economic and competitive conditions being what they are, the net available income of the appellee is approximately $13,000.00. The order of the court below directed the appellee to pay $135.00 per week for the support of the wife and the two minor children.

The court below indicated in its opinion that the earnings and earning power of the wife were taken into consideration by the court in fixing the order. "The wife worked for and with her husband for approximately ten years when she ceased working about two or three years prior to the hearing. The defendant testified that she was an excellent cashier and could earn $4.00 per hour if she sought employment. This is a fact which the court took into consideration in arriving at the amount of the order."

Credibility of witnesses is for the trial judge to determine as he has the parties before him and can observe their demeanor and attitude and can make a more reasonable assessment of where the truth lies than our Court.

It is the function of the Superior Court to determine whether there is sufficient evidence to sustain the court below or whether the court below was guilty of an abuse of discretion. A finding of an abuse of discretion is not lightly made and is determined only upon the showing of clear and convincing evidence that would require reversal of the lower court. *Commonwealth ex rel. Halderman v. Halderman,* 230 Pa. Superior Ct. 125, 326 A. 2d 908 (1974).

We find no abuse of discretion on the part of the lower court.

Order affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant contends that the lower court abused its discretion in setting the amount of support to be paid by her husband.

The appellant and appellee were married in 1948 and are the parents of three children: an adult son, a daughter age 14, and a daughter age 8. The parties lived in a home in Cheltenham Township, Montgomery County, for a period of approximately eight years prior to their separation. The appellee left the appellant in October, 1973. The appellant and her two daughters still reside in the home, while the appellee lives in an apartment paying $168.00 a month rent.

On October 24, 1973, the appellant filed a petition seeking support for herself and her two daughters. The lower court, on December 7, 1973, issued a temporary support order in the amount of $100.00 a week. On May 30, 1974, the final support order was issued in the amount of $135.00 a week. This appeal followed.

The purpose of a support order is to determine an allowance which is reasonable and proper for the comfortable support and maintenance of the wife and children. *Commonwealth ex rel. Roviello v. Roviello*, 229 Pa. Superior Ct. 428, 323 A.2d 766 (1974); *Commonwealth ex rel. Hauptfuhrer v. Hauptfuhrer*, 226 Pa. Superior Ct. 301, 310 A.2d 672 (1973). A support order should be based upon the property, income, and earning capacity of the husband and the family's station in life. *Commonwealth ex rel. Roviello v. Roviello*, supra. However, support orders are not to be confiscatory, and the father is to be left with a reasonable allowance for his own living expenses. *Commonwealth ex rel. Goichman v.*

*Goichman,* 226 Pa. Superior Ct. 311, 316 A.2d 653 (1973) ; *Commonwealth ex rel. Haimowitz v. Haimowitz,* 221 Pa. Superior Ct. 364, 292 A. 2d 502 (1972). Ordinarily, the earning capacity of a wife who is able to work should be a relevant consideration when fixing an order of support. *Conway v. Dana,* 456 Pa. 536, 318 A.2d 324 (1974) ; *Commonwealth ex rel. Goichman v. Goichman,* supra; *White v. White,* 226 Pa. Superior Ct. 499, 313 A.2d 776 (1973) ; *Commonwealth ex rel. Borrow v. Borrow,* 199 Pa. Superior Ct. 592, 185 A.2d 605 (1962).

Because the appellee does not contest his obligation of support, the sole issue is the amount of support that he should pay. The relevant facts as developed at the support hearing are as follows. The appellee is a self-employed butcher.[1] The appellant worked with him in his business for many years, but stopped when the parties moved into their house. Prior to 1968, his income, as reported in his tax returns, was never in excess of $30,000.00. For the years 1968 through 1972 respectively, the appellee reported income of $29,698.00, $18,607.07, $5,126.91, $12,977.64, and $14,348.12. Their standard of living, however, belies this reported income. During those years, the appellee admitted that the family's living expenses were $20,000.00 to $25,000.00 a year.[2] Additionally, the parties were able to accumulate $90,000.00 in bonds and $10,000.00 in stock. Further, the parties took an average of two vacations per year.

---

1. Appellee operates a retail meat concession business. Appellee originally had two stores, but closed one in 1970. He also is engaged in the sale of disposable paper products from his home.

2. Appellee admitted giving his wife $300.00 a week to handle ordinary household expenses. While appellee stated that he lowered this amount to $200.00 a week because he could not afford the $300.00 a week shortly before he left home, the appellant maintained that she received $300.00 a week until he left. The appellee stated that this high standard of living was financed through a large reduction in savings. However, no reduction in savings was shown.

In determining its support order, the lower court found that the appellee's income for 1973 was $13,753.44. This figure, however, represented the appellee's business income only. Two other sources of income available to the appellee were disregarded by the lower court. First, the parties' securities yielded income of approximately $10,000.00 a year. The interest and dividend checks were payable jointly to the parties, and thus the appellee was unable to cash the checks. The lower court found that this income was, therefore, unavailable to the appellee. This income, however, was a significant part of the parties' income before their separation. It was improper for the lower court to disregard this readily accessible source of income. Secondly, the appellee had a 25% interest in a business operated by appellant's brother which yielded him approximately $175.00 a week. While the appellee testified that he has not received this income since his separation from the appellant, the lower court did not determine the whereabouts of this income.

Finally, in making its award, the lower court put great emphasis on the reduction in earnings of the appellee's business as reflected in his income tax returns. This Court has been careful, however, to scrutinize an alleged decrease in salary or earnings where a defendant is in business for himself. *Commonwealth ex rel. Goichman v. Goichman*, supra; *Commonwealth ex rel. Kaplan v. Kaplan*, 219 Pa. Superior Ct. 163, 280 A.2d 456 (1971). In *Commonwealth v. Miller*, 202 Pa. Superior Ct. 573, 577, 198 A.2d 373 (1964), we stated: "The net income of a defendant as shown on income tax returns is not to be accepted in a support case as the infallible test of his earning capacity. Particularly, this is true where the defendant is in business for himself . . . ."

I recognize that the Superior Court may not reverse the lower court's order unless the record shows a clear abuse of discretion. *Commonwealth ex rel. Halderman*

*v. Halderman*, 230 Pa. Superior Ct. 125, 326 A.2d 908 (1974). I would reverse and remand so that the lower court could consider all available income and give proper emphasis to the tax returns.

SPAETH, J., joins in this dissenting opinion.