407 A.2d 389

COMMONWEALTH of Pennsylvania ex rel.
Fanny HARTRANFT

v.

David HARTRANFT.

Appeal of Fanny HARTRANFT.

Superior Court of Pennsylvania.

Argued March 19, 1979.

Decided June 8, 1979.

Wardell F. Steigerwalt, Allentown, for appellant.

James L. Reich, Allentown, for appellee.

Before VAN der VOORT, HESTER and WIEAND, JJ.

HESTER, Judge:

Before the court is appellant-mother's appeal from the order [1] of the lower court which directed appellee-father "to pay the sum of $25.00 per week, all in excess of $20.00 per

1. The entire Order provides:

AND NOW, this 4th day of May, 1978, Court having taken case under advisement, and after a full review of the record, Court directs respondent to pay the sum of $25.00 per week, all in excess of $20.00 per week to apply on the arrears towards the support of two (2) children, effective March 13, 1978. Court further directs respondent to pay the cost of prosecution in the amount of $19.50 within thirty (30) days, and enter into his own recognizance in the amount of $500.00 to comply and appear as requested. Eo die certify Lehigh County.

APPROVED BY THE COURT
/s/ Richard D. Griffo
RICHARD D. GRIFFO,
JUDGE

week to apply on the arrears towards the support of two (2) children, effective March 13, 1978." Although somewhat ambiguous, it appears that the lower court's order for the support of his two children is $20.00 per week.

Appellant contends that "the support order was so shockingly inadequate as to evince a clear abuse of discretion." (Appellant's brief, p. 6)

We agree. An order equivalent to $10.00 per week for the support of each of two minor children under the facts and circumstances in the case at bar is grossly inadequate and constitutes an abuse of discretion by the lower court.

■ Our scope of review is limited to a determination as to whether the order of support can be sustained on any valid ground. *Marvin v. Marvin*, 193 Pa.Super. 179, 164 A.2d 128 (1960). We must determine whether there was sufficient evidence to sustain the lower court or contrariwise whether the lower court was guilty of an abuse of discretion. A finding of abuse of discretion is not lightly made; but only upon a showing of clear and convincing evidence. *Com. ex rel. McQuiddy v. McQuiddy*, 238 Pa.Super. 390, 358 A.2d 102 (1976); *Com. ex rel. Caplan v. Caplan*, 236 Pa.Super. 605, 346 A.2d 822 (1975); *Com. ex rel. Halderman v. Halderman*, 230 Pa.Super. 125, 326 A.2d 908 (1974).

■ In reviewing the lower court's action to determine whether an abuse of discretion has occurred, we recognize that " '[a]n abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.' " *Com. ex rel. Levy v. Levy*, 240 Pa.Super. 168, 174, 361 A.2d 781, 785 (1976).

The salient facts of the instant matter can be summarized as follows: Appellee is the father of two minor children who

presently reside with their mother, the appellant. Appellee is also the father of one other child born to a previous marriage, which child is presently residing with appellee. Appellee has a net weekly income of $197.05 plus a $30 Credit Union deduction for a total net weekly income of $227.05.[2] Appellant has a net weekly income of $261.49 and a $35 weekly babysitting expense.

The gist of the lower court's opinion reasoned:

Child support is now an equal, or fifty-fifty liability of the parties in Pennsylvania, but in view of the fact that Prosecutrix earns almost $100.00 per week more than the Respondent, the Court assessed two-thirds of the responsibility for child support against the Prosecutrix and one-third against the Respondent. Being of the opinion that the Respondent's liability for three children on an income of $197.00 per week should be $80.00, the Order directs him to pay his one-third, or $25.00 per week in child support. This is believed to be an adequate and fair amount based on the incomes of the parties.

We are unable to follow the aforementioned rationale. Our review of the record leads us to conclude that there was not sufficient evidence adduced at the hearing to substantiate the order entered by the court below.

We therefore will vacate the order appealed from and remand for a hearing *de novo.*

WIEAND, J., files a dissenting statement.

WIEAND, Judge, dissenting:

I respectfully dissent. The order of support, although low, was not so inadequate as to constitute an abuse of discretion by the learned trial judge who heard the case. Therefore, I would affirm it.

---

**2.** The record is not clear on this point.