290

407 A.2d 1361

COMMONWEALTH of Pennsylvania ex rel. Joyce GROW

v.

Paul H. GROW.

Appeal of Joyce Grow.

Superior Court of Pennsylvania.

Argued Dec. 4, 1978.

Decided July 27, 1979.

Jeffry L. Gilbert, Allentown, for appellant.

No appearance entered nor brief filed for appellee.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

VAN der VOORT, Judge:

This matter develops in a non-support action which has persisted ever since 1950. We have not had the benefit of oral argument or a brief submitted by the husband-appellee.

The parties were married on November 23, 1946; separated in June, 1950; have not cohabited since then, and have one child born January 13, 1951.

The wife (appellant herein) received a support order on June 27, 1950, modified subsequent to the birth of the child to include support for him. As of November 1, 1976, the last date when we have any information, the rate of support was $17.50 per week, (including $5.00 for the child) and the arrearages constituted $7,134.35.

The wife concedes that she was guilty of adultery sometime before July 15, 1958, when she secured an order against one Edward F. Hopper for the support of a second child. The husband knew about this adulterous conduct of the wife at least as early as March 1972, when he filed a Bill of Particulars in a divorce action filed by him at No. 130 April Term, 1971.

The wife's brief tells us (pages 4 and 5) that the parties have been in court on "numerous occasions"; that the husband has been arrested "numerous times" for failure to pay the support order; and was sentenced on March 15, 1965 to five months in prison for contempt of court.

By petitions filed July 31, 1970 and July 13, 1973, but thereafter withdrawn, the husband asked that the support

order be modified because the child was over 18 years of age.

The matters presently before this court derive from a petition filed by the wife on August 10, 1976 asking for an increase, and a petition filed by the husband on October 14, 1976 asking for a suspension.

On November 4, 1976 the lower court considered these petitions, and took them under advisement. On January 26, 1977 the parties submitted a Stipulation of Facts which in effect stated:

(a) that the wife admitted to adulterous conduct of the wife in 1957, and (b) that the husband would not offer testimony as to "any alleged adulterous conduct of the Prosecutrix which allegedly has occurred since the last modification order in support has been entered in this matter by This Honorable Court." [1]

On February 3, 1977 the lower court vacated the support orders, and the wife appealed to this Court. The parties asked the Superior Court to remand the case, and this was done by an order dated July 26, 1977.

Pursuant to the remand, additional testimony was taken on September 30, 1977; the matter was taken under advisement on that day; and an order was filed on March 31, 1978 which found:

that the wife admitted to adultery in 1957;

that the husband "was aware of the effect of such conduct", but "never condoned said conduct"; and

that the wife "has forfeited her right to support by her adulterous. conduct."

The order then vacated the support orders

(a) for the child retroactive to June 21, 1970, and

(b) for the wife retroactive to July 15, 1958

From this order the wife has taken the present appeal to this court.

1. The lower court says that order was dated January 3, 1969.

■ As to support for herself, the wife argues to us that the husband "has waived his right to use the defense of . . adultery . . . because he has failed to raise said defense in a timely manner"; and that the orders entered into on "previous hearings, in which said defense could have been raised" are res judicata.

The testimony taken on September 30, 1977 related in large part to the question of whether the husband had been represented by counsel in the various hearings, between 1958 and 1976. The testimony was fairly vague, although it appeared that he had the benefit of one lawyer's assistance at one hearing.

We do not believe that the question of whether the husband was represented by counsel controls the question of whether he waived at previous hearings his right to use the defense of adultery. It appears fairly clear from the record that he must have known of the adultery in 1958—(Certainly, he knew about it in 1972)—and never raised the issue until 1976. At a minimum, with or without legal counsel, he should have pondered the question of whether the adultery was a defense to his wife's claims for support. Until such time as the husband raised the defense, that is to say October, 1976, we believe that the various support orders were res judicata.

See *Commonwealth ex rel. De Medio v. De Medio,* 210 Pa.Super. 520, 233 A.2d 609 (1967).

In that case there were support orders dated September 24, 1957 and August 9, 1961. On June 25, 1957, the husband had filed an action to annul the marriage, and on November 16, 1966 a Master filed a report recommending annulment. Said Judge Wright of this Court (210 Pa.Super. page 523, 233 A.2d page 610):

" . . . So far as the support proceeding is concerned, however, we are clearly of the opinion that the validity of the marriage was necessarily established. Our review of the record discloses that Samuel at no time raised any question in this regard. The entry of an order of support,

unappealed from, is generally res judicata as to all defenses which might have been raised: (citing cases)".

The principle there expressed is applicable to this present case.

■ The question then arises whether the husband is entitled to be relieved of liability to support his wife prospectively, that is from October, 1976 forward.

In the rather peculiar circumstances of this case, we think the answer is in the negative. As indicated above there is an admission on the record by the wife of adultery in 1957 or 1958; and an admission by the husband in the Stipulation of Facts that he will offer no testimony of other adulterous conduct after the last modification order, January 3, 1969.

There is therefore no evidence on the record of adulterous conduct in October, 1976 and thereafter; and the husband's liability to support his wife continues, unless new circumstances occur in the future which may entitle him to future relief.

As to support for the son, now 28 years old and presumably emancipated, we are unable to determine through a review of the record furnished the correct legal decision. We direct the lower court to review the whole record as to the son and to make an appropriate order.

Presumably, the husband's liability to support the son terminated on January 13, 1969, his son's 18th birthday. *Commonwealth ex rel. Schulberg v. Hirsh,* 236 Pa.Super. 179, 344 A.2d 530 (1975). The wife says in her brief, page 17, however, that Judge Weiand on February 26, 1971 dismissed a petition of the husband filed on July 31, 1970 asking that the support order be modified because the son had come of age. If this statement is correct, then the husband's liability for support of the son has become adjudicated at least through February 26, 1971.

The wife also says in her brief, page 16, that the husband also filed a petition on July 13, 1973 asking for reduction of the support order because the son had come of age; and that the husband withdrew that petition on July 30, 1974. If this

is so, the only petition of the husband on which the lower court can act is the petition dated October 14, 1976, and the wife says (page 17 of her brief) that the October 1976 petition makes no reference to the support of the son.

Obviously, Judge Mellenberg made his order of March 14, 1978, the order now before us on this appeal in the brief that the parties had properly brought into his jurisdiction the problems of support for both the wife and the son.

In any event we reverse and remand with directions that

(a) the order for support of the wife be reinstated;

(b) the petition of the wife for an increase in the amount of support (considered moot by the lower court) be reviewed and disposed of; and

(c) the order for support of the son be re-examined, and an appropriate order made consistent with this opinion.

WIEAND, J., did not participate in the consideration or decision in this case.