414 A.2d 695

**Della CYPHERT**

v.

**Joseph M. ABER, Appellant.**

Superior Court of Pennsylvania.

Argued April 11, 1979.

Filed Nov. 21, 1979.

David S. Pollock, Pittsburgh, for appellant.

Gary L. Farren, Slippery Rock, for appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

PER CURIAM:

This is an appeal from an order of the lower court dismissing appellant's petition for reduction of a support order. Appellant contends that the support order should have been reduced by one-half because one of the two children on whose behalf the order was originally entered had subsequently become emancipated. Although we disagree with this contention, we modify the order as indicated below.[1]

On February 25, 1964, the lower court entered the original support order in this case. After several subsequent modifications, the lower court on August 2, 1976, entered an order which provided, in pertinent part, that appellant was to pay $130.00 per month for the support of his son Robert and daughter Reva, both of whom were in the custody of appel-

1. Appellant additionally sought below to have the requested reduction apply as of the date of his petition and to have all overpayments for his emancipated daughter's support credited against his arrears. Because our modification of the support order does not apply retroactively, there are no overpayments to be so credited.

lee, their mother. On June 12, 1977, appellant's daughter Reva was married and left appellee's household. On July 1, 1977, Reva turned eighteen years of age. Shortly thereafter, appellant petitioned the lower court for reduction of the support order, contending that because one of the two children named in the order of August 2, 1976, was emancipated, his obligation of support should be decreased by one-half. After a hearing on the petition, the lower court dismissed appellant's petition for reduction, and on November 2, 1977, ordered that Reva be removed from the order as she had married and attained the age of eighteen, but that appellant continue to pay $130.00 per month for the support of Robert. This appeal followed.

"A determination of the amount to be awarded as support is not final inasmuch as it may be modified where the financial condition of the parties changes, or where other proper reasons are assigned." *Commonwealth ex rel. Kaplan v. Kaplan*, 219 Pa. Super. 163, 165, 280 A.2d 456, 457 (1971). Although our cases do not *require* a modification of a support order in circumstances such as obtain in the present case, we have noted that "[a]mong the changed conditions for which a support order may be modified is the emancipation of minor children." *Commonwealth ex rel. O'Neill v. O'Neill*, 224 Pa.Super. 338, 341, 307 A.2d 381, 382 (1973). *See also Commonwealth ex rel. Welsh v. Welsh*, 222 Pa.Super. 585, 587, 296 A.2d 891, 893 (1972).

We have examined the record and considered the needs of appellee and her remaining minor child, as well as the financial status of appellant and the position of appellant's emancipated daughter, and conclude that the lower court should have granted a limited reduction in the support order. Accordingly, we reduce the order dated November 2, 1977, from $130.00 per month to $100.00 per month.

Order reduced from $130.00 per month to $100.00 per month.

WIEAND, J., files a dissenting statement.

WIEAND, Judge, dissenting:

I respectfully dissent. I find no abuse of the trial court's discretion and would, therefore, affirm the order entered for the support of one child.