421 A.2d 762

COMMONWEALTH of Pennsylvania ex rel. Patricia
Owens CASWELL

v.

William D. CASWELL, Appellant.

Superior Court of Pennsylvania.

Argued June 13, 1979.

Filed Sept. 26, 1980.

Angus R. Love, Norristown, for appellant.

J. Keath Fetter, West Chester, for Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

SUGERMAN, Judge:

Appellant ("Father") appeals an order of the lower court dismissing his petition to reduce a support order. The facts necessary to our disposition are simply stated.

Father and Appellee ("Mother"), divorced in May, 1977, are the parents of two daughters, 14 and 15 years of age at the date of the hearings below. On October 4, 1977, an existing order for the support of the two girls was modified by agreement, and Father was directed to pay the sum of $100 per week as support. At or about the time of the entry of the modified order, Father, 39 years of age, was reputedly earning approximately $1500 monthly as a salesman, but in March, 1978 he lost such employment.

Two months thereafter, on May 23, 1978, Mother filed a petition to increase the support order, and on June 20, 1978, Father filed an answer and a cross–petition to reduce the order. The petitions were consolidated and heard by Judge HONEYMAN of the court below on July 18, 1978.

At the hearing, Father testified that he was yet unemployed, although utilizing the services of several employment agencies and a number of friends in an effort to obtain employment. Father also testified that he owned no assets other than a small balance in one checking and one savings account, an automobile, and an interest in some household furnishings. Father further testified that he had no income from any source. Mother testified that since the date of the modified order, her earnings had increased by the sum of $15 weekly.

At the conclusion of the hearing, Judge HONEYMAN found that the increase in Mother's earnings offset such slight additional income as she might have required for the support of the children, and on that basis he dismissed Mother's petition to increase.

---

* President Judge JOHN Q. STRANAHAN, of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN, of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

Judge HONEYMAN also found Father's earning capacity had not diminished since the entry of the agreed order, and that there had been no substantial change in circumstances, notwithstanding Father's then lack of income. Accordingly, he dismissed Father's petition to reduce the support order.

Father did not appeal from Judge HONEYMAN's order but on August 25, 1978, some 5 weeks subsequent to Judge HONEYMAN's order filed a second petition to reduce the support order. The petition was heard by Judge BROWN of the lower court on October 3, 1978.

At the hearing, Father testified that he was receiving public assistance in the sum of $173 monthly, having become eligible on August 5, 1978. Father also testified that since the date of Judge HONEYMAN's order he had been living by the use of his credit cards, and had thus incurred substantial debt. Father also testified that several physical problems had "flared up" since the entry of Judge HONEYMAN's order, causing him to incur medical and dental expenses. Father testified that the total debt incurred since the date of the hearing before Judge HONEYMAN was in the approximate sum of $3000.

At the conclusion of the hearing, Judge BROWN found no change in Father's circumstances subsequent to the date of Judge HONEYMAN's order, and on that basis, dismissed Father's petition to reduce.

In its opinion filed pursuant to Pa.R.A.P. 1925(a), the lower court reiterated its finding in the following language:

"On both July 18, and October 3, the defendant was unemployed, had no source of income, and had no savings. Since August 5, 1978, he has received $173 per month in public assistance. The defendant has suffered from colitis and back problems for a number of years. However, neither of these ailments impair his ability to work in his chosen field—advertising and sales. There was no suggestion at the hearing that the needs of the children have diminished. Since the facts presented to this Court are identical to those existing on July 18, we find no reason to disturb the order." Appellant's Brief at 13.

On appeal, Father advances two arguments: (1) the lower court committed error in permitting Judge BROWN to hear Father's second petition to reduce, rather than assigning the matter to Judge HONEYMAN who heard Father's first petition, and (2) the lower abused its discretion in failing to find a change in Father's circumstances during the period between the first and second hearings.

## I.

Father first contends on appeal that the lower court erred in permitting Judge BROWN to hear his second petition to reduce, rather than assigning the matter to Judge HONEY-MAN, who heard his first petition.

Father is correct, and we must once again note that the practice of granting a rehearing before a judge other than the one who heard the case in the first instance is not in the best interest of the parties. *Brake v. Brake*, 271 Pa.Super. 314, 316 n.2, 413 A.2d 422, 423 n.2 (1979); *Commonwealth ex rel. Schulberg v. Hirsch*, 236 Pa.Super. 179, 344 A.2d 530 (1975); *Bell v. Bell*, 228 Pa.Super. 280, 323 A.2d 267 (1974).

When the original judge is available, he or she should be the one to whom all questions of modification are directed, as it is such judge who is most familiar with the case and most qualified to determine whether a modification is warranted under the circumstances. *Commonwealth ex rel. Schulberg v. Hirsch*, supra 236 Pa.Super at 182, 344 A.2d at 531; *Commonwealth ex rel. D'Alfonso v. D'Alfonso*, 181 Pa.Super. 71, 121 A.2d 900 (1956).

Although we remain firmly committed to this principle and do not condone its violation, the question of whether the failure to be guided by the principle constitutes reversible error is quite a different matter. In the case before us, we find that it does not.

We have thoroughly reviewed the transcripts of the hearings held before Judges HONEYMAN and BROWN, and find that Father virtually repeated his earlier testimony at

the hearing before Judge BROWN. Judge BROWN was thus able to evaluate Father's circumstances at the time of the first hearing and was therefore in a position to determine whether those circumstances had changed at the date of the second hearing. Father has neither argued nor shown prejudice and we find none.

## II.

It will be recalled that Father also contends that Judge BROWN abused his discretion in failing to find a change of circumstances and in dismissing his second petition to reduce.

When reviewing a proceeding of this nature, our scope of review is limited, and we will not interfere with the determination of the court below unless there has been a clear abuse of discretion.[1] *Commonwealth ex rel. ReDavid v. ReDavid*, 251 Pa.Super. 103, 380 A.2d 398 (1977); *Bell v. Bell*, 228 Pa.Super. 280, 323 A.2d 267 (1974), both quoted with approval in *Brake v. Brake*, supra, 271 Pa.Super. at 316, 413 A.2d at 423; *Commonwealth ex rel. Hartranft v. Hartranft*, 267 Pa.Super. 572, 407 A.2d 389 (1979). A finding of abuse is not lightly made but only upon a showing of clear and convincing evidence. *Commonwealth ex rel. Hartranft v. Hartranft*, supra, 267 Pa.Super. at 574, 407 A.2d at 390; *Commonwealth ex rel. McQuiddy v. McQuiddy*, 238 Pa.Super. 390, 358 A.2d 102 (1976).

A court may increase or decrease an order for support if the financial conditions of the parties change, or where other proper reasons are assigned. *Cyphert v. Aber*, 272 Pa.Super. 112, 114, 414 A.2d 695, 696 (1979), quoting *Commonwealth ex rel. Kaplan v. Kaplan*, 219 Pa.Super. 163, 165, 280 A.2d 456, 457 (1971); *Commonwealth ex rel. Del-*

1. In *Commonwealth ex rel. Levy v. Levy*, 240 Pa.Super. 168, 361 A.2d 781 (1976) we defined an abuse of discretion as "... not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused."

*baugh v. Delbaugh,* 258 Pa.Super. 127, 130, 392 A.2d 717, 718 (1978). The party seeking to modify a support order, however, bears the burden of demonstrating such a change of circumstances as will justify a modification. *Commonwealth ex rel. Haertsch v. Haertsch,* 267 Pa.Super. 283, 284, 406 A.2d 805, 806 (1979); *Commonwealth ex rel. Burns v. Burns,* 251 Pa.Super. 393, 400, 380 A.2d 837, 840 (1977). We also have held that only "material and substantial changes in circumstances", as proven by competent evidence will warrant modification of a support order. *Commonwealth ex rel. Delbaugh v. Delbaugh,* supra 258 Pa.Super. at 130, 392 A.2d at 718; *Commonwealth ex rel. Hall v. Hall,* 243 Pa.Super. 162, 165, 364 A.2d 500, 502 (1976); *Commonwealth ex rel. Schmitz v. Schmitz,* 237 Pa.Super. 519, 521, 352 A.2d 103, 104 (1975), and that a modification may only be based upon facts appearing in the record which show such permanent change in circumstances as to require such modification. *Brake v. Brake,* supra, 271 Pa.Super. at 316, 413 A.2d at 423; *Bell v. Bell,* supra 228 Pa.Super. at 283, 323 A.2d at 269.

■ Applying these principles to the facts before us, with out narrow scope of review in mind, we are not convinced that Judge BROWN abused his discretion in finding that Father's circumstances between the date of the first hearing, July 18, 1978, and the second hearing, October 3, 1978, had so materially and substantially changed as to warrant modification of the order.

At the date of the first hearing before Judge HONEY-MAN, Father was unemployed, owned virtually no assets, had no income, and had selectively sought employment without success. At the date of the second hearing, some two and one–half months later, Father's circumstances were the same, except that he was then receiving public assistance.

■ Father places great emphasis upon the fact that he was unemployed at the date of the first hearing, and remained so at the time of the second hearing. Under such circumstance, Father argues, requiring him to pay the sum of $100 weekly as support, constitutes a punishment and

renders the order confiscatory in the extreme.[2]  See *e. g. Commonwealth ex rel. Goichman v. Goichman*, 226 Pa.Super. 311, 316 A.2d 653 (1973).  The most cursory review of the record made at the hearing held upon Father's first petition before Judge HONEYMAN clearly reveals that this issue was fully litigated at the first hearing and ultimately resolved against Father by Judge HONEYMAN.  Father, as earlier noted, did not appeal Judge HONEYMAN's order but chose instead to file a second petition endeavoring to raise the same issue.  We have repeatedly held that under such circumstances further consideration of the issue in the absence of a change of circumstances is foreclosed under the doctrine of res judicata.  See *Commonwealth ex rel. Grow v. Grow*, 268 Pa.Super. 290, 407 A.2d 1361 (1979); *Commonwealth ex rel. Palchinski v. Palchinski*, 253 Pa.Super. 171, 384 A.2d 1285 (1978); *Commonwealth ex rel. De Medio v. De Medio*, 210 Pa.Super. 520, 233 A.2d 609 (1967).  Judge BROWN was therefore properly concerned with the single question of whether Father's circumstances since the date of Judge HONEYMAN's order had changed.  The record of the hearing before Judge BROWN reveals that Father failed to meet his burden of demonstrating a change in those circumstances.[3]  As there is more than sufficient evidence to sus-

**2.**  The issue is discussed at length in *Commonwealth ex rel. Burns v. Burns*, supra.  And see *Costello v. Le Noir*, 462 Pa. 36, 337 A.2d 866 (1975); Judge HONEYMAN's comments from the bench as he announced his order dismissing Father's first petition indicated that he did not find Father's testimony concerning Father's efforts to obtain employment credible.  Accordingly, Judge HONEYMAN based his order upon Father's earning capacity.  See, *e. g., Commonwealth ex rel. Burns v. Burns*, supra; *Commonwealth ex rel. Burns v. Burns*, 232 Pa.Super. 295, 331 A.2d 768 (1974); *Hecht v. Hecht*, 189 Pa.Super. 276, 150 A.2d 139 (1959).

**3.**  Although Father's counsel at the outset of the hearing before Judge BROWN asserted that the matter at issue was Father's petition to reduce the support order, during the hearing, counsel retreated substantially from that position and in final argument stated to the court:

"... And all we ask for this court to do is to temporarily suspend or lower this order to a reasonable sum so that the arrearages won't be so bad, that when he finally does get a job he

tain the order of the lower court, we will not disturb it on appeal. *Brake v. Brake*, supra; *Commonwealth ex rel. Delbaugh v. Delbaugh*, supra.

Affirmed.

SPAETH, J., files a concurring statement.

SPAETH, Judge, concurring:

At first the result in this case appears harsh: an unemployed father, in debt and receiving only $173 a month on welfare, is ordered to continue paying $100 a week in child support. However, I believe Judge SUGERMAN has accurately stated both our standard of appellate review and the substantive law, and has reached the correct result. I write separately only to highlight very briefly the portions of the record that lead me to agree with Judge SUGERMAN.

Critical to me are Judge HONEYMAN's findings that appellant's earning capacity had not decreased and that appellant had not been sufficiently diligent in looking for work. When appellant failed to appeal Judge HONEY-MAN's order of July 18, 1978, these findings became *res judicata*. When appellant was before Judge BROWN, therefore, it was his burden to show that in the five weeks between July 18 and the filing of his second petition, his situation had materially changed. The transcript makes clear that Judge BROWN believed that any difficulties appellant might be facing in the labor market were no

will be facing an unsurmountable burden of paying back the arrearages and keeping the order going at the same time." R.25a It is apparent to us that Father's counsel was in effect requesting relief from an accumulation of arrearages during Father's period of unemployment, rather than a permanent reduction of the support order. We have said in the past that the legislature has vested the courts with broad powers over orders for support. *Commonwealth ex rel. Silverman v. Silverman*, 180 Pa.Super. 94, 117 A.2d 801 (1956). Thus, a court may in appropriate circumstances grant the relief requested by Father's counsel in the form of a temporary order reducing the periodic sums payable, an order suspending temporarily the payment of any sums, or an order remitting arrearages. 42 Pa.C.S. § 6710. And see *Commonwealth ex rel. Lyle v. Lyle*, 248 Pa.Super. 458, 375 A.2d 187 (1977) and *Commonwealth ex rel. Crane v. Rosenberg*, 212 Pa.Super. 144, 239 A.2d 810 (1965).

different from those he had faced in July, and that principles of *res judicata* therefore precluded a finding that appellant's earning capacity had decreased. Without a finding of decreased earning capacity, the increased debt incurred by appellant between July and October was not by itself a material change in circumstances. Likewise, as long as appellant's earning capacity was unimpaired, he was not entitled to either a temporary reduction in the support order or relief from accumulated arrearages.