## Brown v. Housing Authority of Pittsburgh

*Robert L. Simmons*, for plaintiff.
*David B. Washington*, for defendant.

STRASSBURGER, *J.*, September 21, 1984—Plaintiff, Pamela Brown, has appealed from this court's order of July 18, 1984, striking the default judgment entered on May 25, 1984 against defend-

ants, Housing Authority of the City of Pittsburgh and James Foster.[1]

On February 17, 1984, plaintiff filed interrogatories and a request for admissions and served same upon defendants. When answers to these were not forthcoming, plaintiff on March 23, 1984 presented a motion to compel discovery and for sanctions. This resulted in the following order:

"And now, this March 23, 1984, it is hereby ordered that Defendants shall provide complete answers to plaintiff's request for admissions and interrogatories within 30 days of this order or default judgment shall be entered against defendants.

Wettick, J."

On May 16 or 17, 1984, plaintiff notified defendants that she would present a further motion for sanctions to Judge Wettick on May 25, 1984. The motion alleged that "defendants have failed and/or refused to comply with said [March 23, 1984] order of Court."

On May 23, 1984, defendants filed with the prothonotary their answers to interrogatories and their admissions.

On May 25, 1984, plaintiff presented her motion

---

1. The default judgment was entered by Judge Wettick. This court is aware of the preference that the same judge deal with related issues in a case. Comm. ex rel. Schulberg v. Hirsch, 236 Pa. Super. 179, 344 A.2d 530 (1975). That is not always possible when case assigments are made on a functional basis (e.g., calendar control, discovery) as opposed to an entire case basis. Especially is it difficult to achieve in the summer when vacations intervene. Suffice to say that until plaintiff filed her statement of matters complained of, there was no inkling that she objected to my hearing the motion in my capacity as civil division motions judge. In any event, Judge Wettick is in full agreement with the instant result, as evidenced by his concurrence in this opinion.

for sanctions and Judge Wettick entered a default judgment, noting that defendants did not appear to oppose said entry.

On July 18, 1984, defendants presented their motion to strike the default judgment. It alleged that the answers to interrogatories and the admissions had been filed on May 23, 1984 and personally delivered to the office of plaintiff's attorney on that date and that nonetheless, plaintiff has proceeded with the motion for sanctions on May 25, 1984. Plaintiff's answer in opposition to defendants' motion to strike default judgment averred that no service of defendants' answers was ever made upon plaintiff.

This court believed that it was unnecessary to hold a hearing to resolve the unseemly question of which attorney was telling the truth.

Prior to the time that plaintiff appeared in court to seek her default judgment on May 25, 1984, defendants had complied with the order of March 23, 1984 by filing their answers to interrogatories and admissions. As the court noted in an analogous situation involving a default judgment for want of an answer under Pa. R.C.P. 1037(b), judgment is permitted only if no answer is "filed". Failure to serve a copy may be violative of other rules, but it does not give rise to a default judgment, John Meyer & Sons, Inc. v. Rhea, 58 Westmoreland L.J. 149 (1976).

Nor is plaintiff's judgment saved by virtue of the fact that defendants' answers and admissions were filed after the 30 days allowed in the March 23, 1984 order. Even where the filing of the response is late, it is sufficient to avoid the imposition of the drastic sanction of default judgment. Planters Peanuts v. Neptune Jet Corp., 56 Luz. Leg. Reg. Rep. 40 (1965).

This is not to suggest that this court condones defendants' delay in responding to discovery. On the contrary, such action is improper and was appropriately dealt with by awarding counsel fees to plaintiff.

Nonetheless, the overall objective of the rules to provide a groundwork for achieving a just result, must be borne in mind. See Pa. R.C.P. 126. Plaintiff has her answers and admissions; sanctions in terms of counsel fees have been imposed on defendants. Not only would it be contrary to law to allow the default judgment to stand, but it would be unjust.