450 A.2d 58

**COMMONWEALTH of Pennsylvania ex rel. Dorothy McCLELLAND, Appellant,**

v.

**William J. McCLELLAND.**

Superior Court of Pennsylvania.

Submitted April 26, 1982.

Filed Aug. 27, 1982.

542

Mark Stephen Sedley, Butler, for appellant.

Christopher J. Coyle, Pittsburgh, for appellee.

Before BECK, MONTEMURO and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order of the court below which denied a petition, filed by appellant-mother, for a "REHEARING AND FOR DISQUALIFICATION OF TRIAL JUDGE" in a support matter. Because the record is

incomplete, we must remand the matter for further proceedings.[1]

The facts are undisputed.

On February 24, 1979, appellee-father was ordered to pay the sum of $50.00 per week for the support of his wife and two minor children. On December 6, 1979, the court entertained appellant's modification motion and on that date "determine[d] there [was] a basis for modification." Record # 2. The court then forwarded the petition to the Domestic Relations Division of the Court of Common Pleas of Butler County for further consideration. On January 18, 1980, appellee filed a petition to suspend support for the reason that he was unemployed and was without a source of income. After a hearing, the hearing officer reaffirmed the initial support order and also recommended that appellee maintain hospitalization coverage and also provide $125.00 per year per person for any uninsured medical, dental, or other such related expenses. Appellant then requested that the court direct the sheriff to arrest appellee pursuant to 42 Pa. C.S.A. § 6707 because she believed that appellee was about to leave the Commonwealth.[2]

1. Before addressing the merits of the instant case, we first must address the jurisdictional issue. Although not raised by either party, this Court sua sponte can review the issue. *See Hall v. Lee,* 285 Pa.Super. 542, 428 A.2d 178 (1981). Because the order appealed denied appellant's increase in support and required her to bring a new cause of action under a different statute, the order is final for appeal purposes since it effectively terminated appellant's modification action. *See Urbano v. Meneses,* 288 Pa.Super. 103, 431 A.2d 308 (1981).

2. § 6707 provides:
   § 6707. Surety for attendance or performance
   (a) General rule.—At any stage of the proceedings under this subchapter, upon affidavit that the defendant is about to leave the Commonwealth, appropriate process may be issued directing that the defendant be brought before the court at such time as the court may direct, at which time the court may direct that the defendant give security, by one or more sureties, to appear when directed by the court or to comply with any order of the court.
   (b) Philadelphia cases.—In any county of the first class the hearing shall be fixed as provided in section 6705(b) (relating to Philadelphia cases).

On January 30, 1980, appellee appeared before the court and stated that he and his wife intended to relocate to Jacksonville, Florida. As a result, the court ordered appellee to post bond in the amount of $450.00.

Subsequently, appellant served subpoenas on appellee's employer in order to produce appellee's employment records and also served the Bureau of Employment Security in order to document the unemployment benefits appellee was receiving. Appellee filed a motion to quash the subpoena. Both appellee's employer and the Bureau appeared at the hearing to oppose the subpoenas. Argument was entertained on the subpoena issue at which time the following occurred:

[Attorney for Appellant]

"MR. SEDLEY: Your Honor, our position, I can state hopefully shortly, Mr. McClelland has told Mrs. McDonald Mr. Skander [appellee's employer] has minimized his wages and has laid him off in contemplation of a support hearing occurring. We subpoenaed Mr. Skander to attempt to get to the bottom of that, and we subpoenaed the Bureau of Employment Security in the hope of either, in the hope of substantiating what Mr. Skander has to tell us, or contradicting what Mr. Skander has to tell us, as the case may be. We feel that the information from both parties is necessary to get to the bottom of the matter.

THE COURT: Is this a welfare case?

MR. SEDLEY: It's partly a welfare case, yes.

THE COURT: What are you wasting these people's valuable time for then?

MR. SEDLEY: Again, Your Honor, I feel that Mrs. McClelland is deserving of support. We can get Mrs. McClelland off of welfare.

THE COURT: Your motion is granted, sir. We'll hear no—you're not subpoening the Unemployment Compensation officer in a civilized proceeding to ascertain what the unemployment is, and that's the proceeding this Court is

1978, April 28, P.L. 202, No. 53, § 10(88), effective June 27, 1978. As amended 1980, Oct. 5, P.L. 693, No. 142, § 501(a), effective in 60 days.

following. These proceedings are closed. You have a right to find out from Mr. Spryn what the unemployment is, and then we'll make an appropriate order. We can attach his unemployment. We can—but you're not wasting these people's time on such a foolish subpoena. The matter is closed at this time.

[Attorney for Appellee's Employer]

MR. HEISEY: Thank you, Your Honor.

[Attorney for Unemployment Compensation]

MS. EHRENWERTH: Thank you, Your Honor.

MR. SEDLEY: Your Honor, would you like to hear argument on that?

THE COURT: I'm not at all interested in an argument. This is an outrage. Take your clients and leave the court room [sic]. Take your clients and leave the court room [sic].

[Attorney for Appellee]

MR. COYLE: Thank you, Your Honor.

MS. EHRENWERTH: Thank you, Your Honor.

MR. SEDLEY: Might I discuss this with you in chambers, Your Honor?

THE COURT: There's nothing to discuss, Mr. Sedley.

MR. SEDLEY: Your Honor, we could get the children off welfare.

THE COURT: Out.

MR. COYLE: Your Honor, may it please the Court, as I understand, has the Court dismissed the exceptions that were before the Court? There was a hearing held before Mr. Fritz on the 24th, and I just wanted to clarify whether the exceptions had been dismissed.

THE COURT: I'm not so sure I've done that, *but I certainly am not authorizing the subpoenaes in this.*

\* \* \* \* \* \*

(Thereupon the proceedings were concluded.)"

Notes of Testimony 3/7/80 at 4–7. (Emphasis added).

After the hearing, appellant filed a "MOTION FOR A HEARING AND FOR DISQUALIFICATION OF TRIAL

JUDGE" on the grounds that appellant should have a rehearing in order to "present evidence in support of her Petition for Modification, . . . [and also requesting] that the original trial judge in this matter disqualify himself from further hearing due to his demonstrated prejudice against the Petition and those similarly situated." Record at # 10. We agree in part with appellant's argument and remand the matter for the reasons articulated below.

Our standard for reviewing support is limited to a determination of whether the trial court abused its discretion. *See Commonwealth ex rel. Caswell v. Caswell,* 280 Pa.Super. 359, 421 A.2d 762 (1980). We also have stated that "a modification of an existing order is justified, however, only when it is supported by 'clear and positive' evidence *after a hearing on the merits." Commonwealth ex rel. Rubin v. Rubin,* 230 Pa.Super. 591, 326 A.2d 578, 580 (1974) (emphasis added).

In *Commonwealth ex rel. Stone v. Stone,* 293 Pa.Super. 427, 429–430, 439 A.2d 185, 187 (1981), our Court was faced with an identical situation where the court denied a wife's petition for an increase in child support without conducting a hearing on the merits. In that case, we stated that the following:

"Here, we find that discretion was abused because no testimony was taken under oath and no evidence was properly introduced and made a part of the record. The well-settled principles governing requests for modification of child support orders are as follows: First, that 'the party seeking to modify a support order bears the burden of *demonstrating* such a change of circumstances as will justify a modification,' *Commonwealth ex rel. Caswell v. Caswell,* 280 Pa.Super. 359, 366, 421 A.2d 762, 766 (1980) (emphasis added), *Commonwealth ex rel. Delbaugh v. Delbaugh,* 258 Pa.Super. 127, 392 A.2d 717 (1978); and third, that 'a modification may only be based *upon facts appearing in the record* which show such permanent change in circumstances as to require such modification,' *Commonwealth ex rel. Caswell v. Caswell,* 280 Pa.Super. [at] 366, 421 A.2d at 766 (emphasis added).

Since no evidence was placed on the record here, it is clear that the above principles were violated. Here, the attorneys were not under oath, and the litigants were not afforded the opportunity to present their version of the case, to add to or contradict the attorneys' presentation, or to be cross-examined." (emphasis added)

Likewise, appellant should be allowed to demonstrate that a change of circumstances has occurred.

■ In its opinion, the court stated that appellant's petition for modification was without merit because of the following:

"In the interest of judicial expediency, Mrs. McClelland was directed to contact the Butler County Domestic Relations Service and initiate a reciprocal support proceeding. The revised Uniform Reciprocal Enforcement Act at Section 6741 of the Judicial Code (42 Pa. C.S.A.) provides Mrs. McClelland her remedy. She filed her reciprocal (April 23, 1980) petition. No action has been received from Davel County, Florida. Mr. McClelland has been paying direct to the Domestic Relations Service of Butler County. Since April 21, 1980, Mr. McClelland has made weekly payments of $30.00 for the support of his two children. The Butler County Domestic Relations Service still retains the $450.00 cash bond.

It is apparent that this appeal is without merit." Trial Court Opinion at 3. Record at # 13.

The Revised Uniform Reciprocal Act,[3] however, does not provide appellant with an exclusive remedy. We have said that "if there is a duty to support under the *law of this Commonwealth* the Uniform Reciprocal Enforcement of Support Act, supra, can be used to enforce that duty." *Commonwealth v. Mexal,* 201 Pa.Super. 457, 459, 193 A.2d 680, 681 (1963) (emphasis added). Additionally, we note

"that the Uniform Act did not intend an order of support entered in one state to act as a bar to the entry of an

---

**3.** Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa. C.S.A. 6741 *et seq.* The states of Pennsylvania and Florida have adopted the Uniform Act. See 42 Pa. C.S.A. Table at 522.

order in another state having jurisdiction. See: *Commonwealth v. Ladue,* 55 Pa.D. & C.2d 216 (C.P. Adams 1972)." *Myers v. Young,* 285 Pa.Super. 254, 257, 427 A.2d 209, 211 (1981).

Moreover, Section 6771 of the Uniform Act provides for the following:

> "*A support order made by a court of this Commonwealth pursuant to this subchapter does not nullify and is not nullified by a support order* made by a court of this Commonwealth pursuant to any other law or by a support order *made by a court of any other state pursuant to a substantially similar law or any other law, regardless of priority of issuance, unless otherwise specifically provided by the court.* Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this Commonwealth." (emphasis added)

Thus, it is apparent that appellant's outstanding reciprocal petition does not foreclose this court from holding a full evidentiary hearing on the merits of appellant's petition.

Appellant also contends that the trial judge abused his discretion when he failed to recuse himself from the case and also when he quashed the subpoenas.

To begin with, the standard applicable in the instant case is as follows:

> "It is well settled that the burden to show bias and prejudice is always on the party seeking recusal of a judge. A judge's refusal to recuse himself will not be reversed absent a clear abuse of discretion. *Crawford's Estate,* 307 Pa. 102, 160 A. 585 (1931) [sic]."

> *Commonwealth v. Council,* 491 Pa. 434, 438, 421 A.2d 623, 625 (1980).

When this principle is applied to the facts before us, we are unable to conclude that such a clear abuse occurred. According to appellant, bias is indicated on the record by the

"judge's pronouncement that, since the appellant was a welfare recipient, it was a 'waste of valuable time' to go forward with a full hearing." Brief for Appellant at 49. Although it is obvious that the court was somewhat irked by the subpoenas issued by counsel for the appellant, the record also indicates that the court was disturbed by the fact that the appellant could determine the amount appellee was receiving on unemployment without "wasting these people's time on such a foolish subpoena." Notes of Testimony at 5. On these facts, we are unable to conclude that the court was biased because appellant was a welfare recipient or that a clear abuse of discretion occurred because the judge refused to recuse himself.

■ With respect to the subpoena issue, we conclude that the trial court did not abuse its discretion when it granted appellee's employer's motion to quash inasmuch as appellant requested the production of employment records of all other employees. However, the employer had no objection to producing "the entire employment records of defendant [appellee]." "MOTION TO QUASH SUBPOENA AND/OR PRODUCTION ORDER", Allegation # 5.

The court also quashed the subpoena for the production of appellee's unemployment compensation records; however, the court stated that appellant "ha[d] a right to find . . . what the unemployment is, and then we'll make an appropriate order. We can attach his unemployment." Notes of Testimony at 5. The record reveals that no such order has been entered; however, on remand such evidentiary matters can be corrected.

Under these circumstances, we conclude that the court did not abuse its discretion in this regard.

We, therefore, affirm in part and reverse in part and remand to the lower court for a full evidentiary hearing on the merits.

Jurisdiction is relinquished.