552 A.2d 1131

**Tanya BARONTI, Appellant,**

v.

**Ronald BARONTI, Appellee.**

**Tanya BARONTI, Appellee,**

v.

**Ronald BARONTI, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1988.

Filed Jan. 24, 1989.

Elaine V. Preston, Pittsburgh, for Ronald Baronti.

Jay A. Blechman, Pittsburgh, for Tanya Baronti.

Before CAVANAUGH, TAMILIA and HOFFMAN, JJ.

CAVANAUGH, Judge:

This matter is before us on consolidated appeals from orders of the lower court regarding a complaint for support

filed by Tanya Baronti against her father Ronald Baronti for educational expenses. After the filing of the complaint, father filed preliminary objections challenging the personal jurisdiction of the court. The lower court issued an order on September 23, 1987 granting the preliminary objections and dismissing the complaint. Upon reconsideration, *sua sponte*, the lower court on February 19, 1988, reinstated the complaint and dismissed the preliminary objections. Finally, the lower court issued an order on March 14, 1988 in which it cancelled a hearing set for March 2, 1988 since it appeared that it was without jurisdiction to enter the February 19th order.

Tanya Baronti, daughter, took a timely appeal from the order of September 23rd. Ronald Baronti, father, took a timely appeal from the order of February 19th. Since both appeals center on a single issue, i.e., whether the lower court has personal jurisdiction over father, the appeals were consolidated. Therefore, the issue is properly before us for resolution.[1]

The challenge to the exercise of personal jurisdiction over father is based upon the necessity of a defendant's maintenance of minimum contacts with a forum state before a court of that state may subject that defendant to its jurisdiction.[2] The requirement of minimum contacts is mandated as a matter of due process, as set forth in the Fourteenth Amendment of the Constitution of the United States. *Kulko v. Superior Court of California*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). The federal constitutional requirements are incorporated into the law of Pennsylvania at 42 Pa.C.S.A. § 5322(b). The federal standard regarding minimum contacts is one of reasonableness. There

1. We find that the lower court did not have jurisdiction to *sua sponte* reconsider its order of September 23, 1987 after the timely appeal had been taken to this court. Pa.R.A.P. 1701(a). The order of February 19, 1988 is of no effect. Since the order from which the appeal at 472 Pittsburgh 1988 is taken is of no effect, the appeal is quashed.

2. Father does not allege that the form of service was improper or defective but that he is not amenible to suit because the Pennsylvania court had lost jurisdiction over the case.

must be a sufficient connection between the defendant and the forum state as to make it fair to require defense of the action in the forum; an essential criterion in all cases is whether the quality and nature of the defendant's activity is such that it is reasonable and fair to require him to conduct his defense in the forum state. *Kulko, supra,* at 91–92, 98 S.Ct. at 1696–1697, citing *International Shoe Company v. Washington,* 326 U.S. 310, at 316–317, 66 S.Ct. 154, at 158–159, 90 L.Ed. 95 (1945).

We are required to examine all of father's contacts with Pennsylvania as forum state in order to determine the reasonableness of requiring him to defend this support action.

■ The record reveals the following salient facts: father, as early as November 25, 1981, has been involved in litigation concerning support of his children in Allegheny County, Pennsylvania. Court documents filed in 1982 through 1986 list father's residence and employment addresses as being in Pittsburgh, Pennsylvania. Father and his former wife, Barbara Thompson, have three children all of whom, at one time, were the subject of support orders entered by the Court of Common Pleas of Allegheny County. Tanya was born on March 26, 1968, and reached the age of majority on March 26, 1986. On February 14, 1986 the lower court entered an order suspending its previous support orders since plaintiff (Tanya's mother, Barbara Thompson) desired to receive support payments directly from father. Father states in his brief to this court that he made support payments to Tanya under court order until February 12, 1986 and then voluntarily until Tanya discontinued all communication with father. Father's affidavit states that he has been a resident of Anne Arundel County, Maryland since May, 1986. He argues that the order entered February 14, 1986 suspending payment constituted termination of personal jurisdiction over him. He further argues that voluntary payments made by him after February 14th do not serve as a basis for the exercise of personal jurisdiction.

We find that the Court of Common Pleas of Allegheny County does have personal jursidiction over father based upon the extensive contacts he has had with the forum state as a former resident, as a father of a child who has been a continuous resident of the forum state, and as a party to ongoing support litigation in Allegheny County.

We determine that it is reasonable and fair to require father to defend this support action for eductional expenses by his daughter since there has been ongoing support litigation in the forum state in the county of which defendant was a former resident and of which his daughter remains a resident. "Once the court obtains jurisdiction in a support matter it continues notwithstanding a change of residence by the defendant." *Commonwealth ex rel. Wheeler v. Wheeler*, 274 Pa.Super. 478, 483, 418 A.2d 506, 509 (1980).

Father knows that his child Tanya remained in the state in which she was raised. Father voluntarily left Pennsylvania in 1986, shortly after Tanya attained the age of majority. By his own statements, he continued voluntary support of Tanya for a period of time after the order of February 14, 1986 suspended his obligation to pay support into the court. Since this complaint was originally filed on January 15, 1987, and refiled on June 24, 1987, we find that the contacts father had had with the forum state were sufficient to allow the exercise of personal jurisdiction over him. Father maintained minimum contacts with Pennsylvania since his daughter continued to live here after his departure for Maryland and since he was party to ongoing support litigation, the latest order which merely "suspended" rather than terminated his support obligation.[3] *See, Rogers v. Rogers*, 295 Pa.Super. 160, 441 A.2d 398 (1982).

Since there is a sufficient connection between father and Pennsylvania as to make it fair to require him to defend the support action, we vacate the order of September 23, 1987

---

**3.** We express no opinion as to the merits of the complaint and leave for the trial court to determine whether there is an adequate basis to order support for Tanya's educational expenses.

and remand for proceedings consistent with this opinion, at appeal number 1483 Pittsburgh 1987.

Appeal at 472 Pittsburgh 1988 is quashed.

Jurisdiction is relinquished.