624 A.2d 197

**Annetta CARNEY**

v.

**Elmer J. DAHLMANN, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 7, 1993.

Filed April 26, 1993.

164

Alex E. Echard, Mt. Pleasant, for appellant.

Henry A. Hudson, Jr., Greensburg, for appellee.

Before ROWLEY, President Judge, and JOHNSON and MONTGOMERY, JJ.

JOHNSON, Judge.

Elmer J. Dahlmann appeals from the order of the trial court which denies his preliminary objections in the nature of a motion to dismiss the support action brought by Annetta Carney for lack of personal jurisdiction and improper venue. This appeal, although from an interlocutory order, has been certified to this Court as one presenting a substantial question of law. We affirm.

The parties to this action, formerly husband and wife, resided during their marriage in Westmoreland County, Pennsylvania, and were divorced in Westmoreland County by decree on July 26, 1988. Carney and the minor child for whom support is requested continue to reside in Westmoreland County. Dahlmann currently lives in Orlando, Florida, where he has been a resident since 1986.

Carney originally filed a support action in Westmoreland County in 1986. The Domestic Relations Office in that county converted Carney's action from a local case into an action under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), 23 Pa.C.S. § 4501 *et seq.* A child support order requiring Dahlmann to pay Carney the sum of $25.00 per week was then entered in the Circuit Court in Osceola County, Florida in 1987.

In 1991, Carney attempted to convert the RURESA action into a local action and requested modification of the Florida support order. The trial court entered the requested modification to the Florida support order on April 26, 1991. Dahlmann contested the jurisdiction of the court to modify the Florida support order. The trial court thereafter vacated the local modification order, but granted Carney leave to institute

a new action for support in Westmoreland County. Carney then filed the present action for support.

. Dahlmann filed preliminary objections in the nature of a motion to dismiss to the present action claiming that the Westmoreland County court had no personal jurisdiction over him and that venue was improper since there was an existing support order in effect in Florida. Dahlmann's preliminary objections were dismissed, giving rise to this appeal.

Dahlmann presents three issues for our review:

1. Whether the Pennsylvania court lacks personal jurisdiction over Dahlmann because he is a Florida resident.

2. Whether venue in Westmoreland County, Pennsylvania is improper in light of the support order under RURESA which was entered by the Florida court.

3. Whether Florida law must be applied by the Pennsylvania court in resolving the support action between the parties in this case.

First, Dahlmann claims that the trial court lacks personal jurisdiction over him since he has been a Florida resident since 1986. We disagree.

The Due Process clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of state courts to enter judgments affecting the rights or interests of nonresident defendants. *Kulko v. California Superior Court*, 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132, 140 (1978). The standard for determining whether personal jurisdiction is proper was articulated by the Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945). There, the Court stated:

> Due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.

*Id.* These constitutional requirements have been incorporated into the law of Pennsylvania at 42 Pa.C.S. § 5322(b). The standard regarding minimum contacts is one of reasonable-

ness. *Baronti v. Baronti,* 381 Pa.Super. 134, 136, 552 A.2d 1131, 1132 (1989). There must be sufficient connection between the defendant in a case and the forum state as to make it fair to require defense of the action in the forum; an essential criterion in all cases is whether the quality and nature of the defendant's activity is such that it is reasonable and fair to require him to conduct his defense in the forum state. *Id.*

In *Baronti, supra,* the father, who voluntarily abandoned Pennsylvania to take up residence in another state, contested the jurisdiction of the Pennsylvania courts to impose child support obligations upon him. In that case, we held that it was fair and reasonable for a father to be required to defend a support action in Pennsylvania where the forum was the site of the former marital and family residence and was where the mother and children continued to reside. *Baronti,* at 138, 552 A.2d at 1133.

We find the same rationale applies in the present case. Here, the parties were married and lived during the marriage in Pennsylvania. Carney and her children continued to reside in Pennsylvania after the parties divorced. Dahlmann voluntarily relocated to Florida but remained subject to ongoing support obligations to his children in Pennsylvania. We find these contacts to meet the standard required under the constitution and Pennsylvania law. Therefore, we conclude that the trial court properly found that it had personal jurisdiction over Dahlmann in this action.

Second, Dahlmann asserts that venue in the Westmoreland County court is improper. We disagree.

Venue in support actions is controlled by Pa.R.C.P. 1910.2 which states:

**Rule 1910.2. Venue**

An action may be brought in any county in which

(1) the defendant resides, or

(2) the defendant is regularly employed, or

(3) the plaintiff resides and that county is the county in which the last family domicile was located and in which the plaintiff has continued to reside.

The trial court concluded that Pa.R.C.P. 1910.2(3) permitted Carney to sustain venue for the support action in Westmoreland County. This conclusion was proper.

■ Dahlmann contends that any support action against him must be brought under RURESA since he is not currently a resident of Pennsylvania, and further, that the present action is improper in light of the existing support order by the Florida court. We disagree. The explanatory note to Pa. R.C.P. 1910.2 supports the trial court's conclusion that Carney need not proceed under RURESA and may sustain venue in Westmoreland County. That explanatory note states in pertinent part:

Subparagraph (3), ... alters the intercounty statutory provision where the county of the plaintiff's residence is also the county of the last family domicile and the plaintiff has continued to reside in that county. In such case, the matter will be heard in the county of the plaintiff's residence, and defendant must return there to defend the action. If the plaintiff's county of residence is not the county of the last family domicile or plaintiff has not continued to reside there, then the intercounty provision of the Civil Procedural Support Law or RURESA 1968 will continue to govern the procedure.

Thus, under Rule 1910.2(3), Carney may maintain the present action in Westmoreland County because that county was the location of the last family domicile and because Carney has continued to reside there, since the time of the divorce, with the minor child for whom she seeks support. *See also Bem v. Bem,* 316 Pa.Super. 390, 463 A.2d 16 (1983), *aff'd,* 505 Pa. 605, 482 A.2d 1273 (1984). Contrary to Dahlmann's contentions, it is only when the plaintiff in a support action resides in a county other than that of the last family domicile that the plaintiff must proceed under RURESA.

■ We also find no merit in Dahlmann's claim that the Florida order under RURESA precludes the present action. The language of RURESA, as adopted in this Commonwealth, specifically rejects Dahlmann's proposition. The pertinent part of RURESA at 23 Pa.C.S. § 4503, states:

### § 4503. Remedies additional to those now existing

The Remedies provided in this chapter [RURESA] are in addition to and not in substitution for any other remedies.

This Court has previously endorsed the conclusion that RURESA does not provide a party seeking support with an exclusive remedy. *Commonwealth ex rel. McClelland v. McClelland*, 303 Pa.Super. 540, 450 A.2d 58 (1982). In that case, we stated, "... the Uniform Act [RURESA] did not intend an order of support entered in one state to act as a bar to the entry of an order in another state having jurisdiction. *Id.* at 547–548, 450 A.2d at 62. We further held that a support order made by a court of this Commonwealth is not nullified by a support order made by a court of another state regardless of the priority of the issuance of the orders. *Id.* Further, any amount paid pursuant to the support order of a court of another state shall be credited against any amounts accruing under any support order of a court of this Commonwealth. *Id.*

The holding in *McClelland* was reflected in the rationale of the trial court in the case before us. Here, the trial court conceded that it was without the jurisdiction to modify the Florida order but that Carney was not prohibited under either RURESA or Rule 1910.2 from seeking a separate support order in Pennsylvania, provided that Dahlmann is given credit for any amounts paid under the existing Florida order. We, therefore, conclude that Dahlmann's claim of improper venue must fail.

Third, Dahlmann contends that even if jurisdiction and venue are vested in the Westmoreland County court, the trial court must apply Florida law in resolving any support obligation dispute. After a review of the record, we find that this issue is being raised for the first time on appeal. As such, we are constrained to conclude that Dahlmann's third issue is

waived for the purposes of appellate review. *See* Pa.R.A.P. 302(a); *Kenworthy v. Burghart*, 241 Pa.Super. 267, 361 A.2d 335 (1976), *appeal dismissed*, 478 Pa. 20, 385 A.2d 975 (1978).

Accordingly, because we find jurisdiction and venue to be properly vested in the trial court, we affirm.

Order Affirmed.