**Anthony PARKER, Appellant**

v.

**LEHIGH COUNTY DOMESTIC RELATION COURT, et al; Director Julia Greenwood; Adm. Judge Richard F. Betz; Judge Michele A. Verricchio.**

No. 14–4126.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) July 21, 2015.

Opinion filed: July 29, 2015.

---

Anthony Parker, Indianapolis, IN, pro se.

Martha Gale, Esq., Administrative Office of Pennsylvania Courts, A. Taylor Williams, Esq., Supreme Court of Pennsylvania Administrative Office of Pennsylvania Courts, Philadelphia, PA, Catharine M. Roseberry, Esq., Lehigh County Department of Law, Allentown, PA, for Lehigh County Domestic Relation Court, et al; Director Julia Greenwood; Adm. Judge Richard F. Betz; Judge Michele A. Verricchio.

Before: FISHER, KRAUSE and VAN ANTWERPEN, Circuit Judges.

## OPINION *

### PER CURIAM.

Appellant Anthony Parker, pro se and in forma pauperis, appeals from orders of the District Court dismissing his complaint and denying reconsideration. For the following reasons, we will affirm.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

## I.

Parker sued the Domestic Relations section of the Family Division of the Lehigh County Court of Common Pleas ("Family Court"), Family Court Judge Michelle Verricchio and Family Court "Administrative Judge" Richard Betz, and Domestic Relations Office Director Julia Greenwood for due process violations under 42 U.S.C. § 1983. Parker also asserted claims under state libel law and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. He alleged that, in one or more of three Pennsylvania child support cases against him, these officials acted without jurisdiction, improperly failed to reduce his support obligations and arrearages in light of his unemployment, illegally refused to disclose evidence forming the basis for these determinations, and conveyed false information about Parker to credit reporting agencies. He requested compensatory and punitive damages and orders that the Family Court officers (1) provide copies of documents consulted in deciding his cases and (2) correct his credit report.

Defendants filed motions to dismiss. In an April 15, 2014 order, the District Court dismissed Parker's amended complaint with prejudice for failure to state a claim. On May 14, 2014, Parker requested reconsideration under Rule 60(b), which the District Court denied on September 22, 2014. Parker filed a notice of appeal ("NOA") on October 7, 2014.

## II.

We have jurisdiction under 28 U.S.C. § 1291. At the threshold, we must determine whether our review extends to the District Court's dismissal order, or covers

only the denial of reconsideration.[1] An appellant in a civil case where the United States is not a party must file his notice of appeal within 30 days of entry of judgment. Fed. R.App. P. 4(a)(1)(A). A Rule 60(b) motion filed within 28 days of a judgment's entry tolls the appeals deadline until the motion is resolved. Fed. R.App. 4(a)(4)(A)(vi).

■ Appellees [2] argue that Parker's October 7, 2014 NOA was, standing alone, untimely as to the April 15, 2014 dismissal order and his Rule 60(b) motion, filed 29 days after that order, failed to toll the appeals deadline. *See* Fed. R.App. 4(a)(4)(A)(vi). However, the District Court's nine-page April 15, 2014 order contained an extensive discussion of its reasons for dismissing Parker's claims, and therefore did not comply with the separate-document rule. *See* Fed.R.Civ.P. 58(a); *In re Cendant Corp. Sec. Litig.*, 454 F.3d 235, 241 (3d Cir.2006). Because a separate document was required but omitted, judgment was not deemed entered until 150 days after the order's entry. *See* Fed.R.Civ.P. 58(a). As Parker's 30-day period to appeal the April 15, 2014 order therefore did not begin until September 12, 2014, his October 7, 2014 NOA was timely. *See* Fed. R.App. P. 4(a)(1)(A). We therefore address Parker's challenges to both orders.

### III.

We exercise plenary review over the District Court's order dismissing Parker's complaint for failure to state a claim.

*Jones v. ABN Amro Mortg. Grp., Inc.*, 606 F.3d 119, 123 (3d Cir.2010). To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Applying this standard, we conclude that the District Court did not err in dismissing Parker's complaint. *See Jones*, 606 F.3d at 123.

■ First, Appellees are immune from Parker's claims for monetary relief. The Eleventh Amendment bars a suit against a non-consenting state directly or where the state is the real party in interest. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997). As this immunity extends to the component districts of Pennsylvania's unified judicial system, it shields the Family Court from Parker's suit. *See Benn v. First Judicial Dist.*, 426 F.3d 233, 240–41 (3d Cir.2005). A judge is immune from suit for monetary damages arising from her judicial actions, even corrupt or malicious ones, unless she acts "in the complete absence of all jurisdiction." *See Mireles v. Waco*, 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Parker alleged that Judge Verricchio, who formerly prosecuted child-support cases for the county,

---

1. Although Parker's brief addresses both orders, he mentioned only the reconsideration order in his NOA. This omission does not deprive us of jurisdiction. The context indicates that Parker seeks to challenge the underlying dismissal of his claims. *See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 225 n. 6 (3d Cir.2007).

2. Only Appellees Betz and Greenwood have submitted a brief. Appellees Verricchio and the Family Court filed an untimely motion to be excused from briefing pursuant to 3d Cir. LAR 31.2.

entered some orders in his cases before recusing herself presumably due to the potential conflict of interest. Even assuming that they support an inference of bias on Verricchio's part, however, Parker's allegations do not suggest that she acted absent any jurisdiction over the subject matter of his cases. *See id.*[3]

■ "Administrative Judge" Betz is likely entitled to judicial immunity as well. However, we cannot infer Betz's precise function—and whether he acted in all relevant instances in a discretionary role entitling him to such immunity—from the face of the complaint. *See Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 435–36, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993). Nevertheless, a court may dismiss a complaint based on a statute-of-limitations defense where the time bar is apparent from the allegations. *See Robinson v. Johnson,* 313 F.3d 128, 135 (3d Cir.2002). Section 1983 claims must be brought within the state limitations period governing personal-injury torts, *see Wallace v. Kato,* 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), which is two years in Pennsylvania. 42 Pa. Cons.Stat. § 5524. Parker's only allegations against Betz were that he presided at an October 26, 2010 motion hearing and entered a March 26, 2011 order denying Parker's requests for termination of his child-support obligation and arrearages and release of related information. As both events occurred more than two years before Parker filed suit on October 30, 2013, his complaint established that his claims against Betz are time barred. *See Robinson,* 313 F.3d at 135.[4]

■ Parker alleged that Director Greenwood (1) failed to effect proper service, (2) permitted one of his cases to be filed in the wrong venue, (3) failed to inquire into, and then provide Parker with notice of, the alleged emancipation of a child he was supporting, (4) reported "opprobrious information" about him to credit reporting agencies, and (5) helped prevent disclosure of the child-support information Parker sought. Whether these activities were on behalf of the court or part of the prosecution of Parker's child-support cases, she is eligible at least for qualified immunity. *See Buckley v. Fitzsimmons,* 509 U.S. 259, 268–69, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *Waits v. McGowan,* 516 F.2d 203, 206 (3d Cir.1975).

Public officials are qualifiedly immune from damages liability for "the performance of their discretionary functions when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Buckley,* 509 U.S. at 268, 113 S.Ct. 2606 (internal quotation omitted). Parker's complaint lacks allegations supporting a reasonable inference that Greenwood, even if she incompetently or erroneously performed duties affecting his cases,

---

3. We note Parker's argument that the Family Court lacked personal jurisdiction in one of his cases because he lived out of state. However, he married the child's mother in Lehigh County, and Parker does not indicate that child and mother have left Pennsylvania. His out-of-state residency was insufficient on its own to deprive the Family Court of jurisdiction. *See, e.g., Carney v. Dahlmann,* 425 Pa.Super. 163, 624 A.2d 197, 199 (1993).

4. Parker argues that the limitations period on his claim does not commence until his child

support arrears are fully paid, citing *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). However, *Heck*'s deferred accrual date applies only where there is an outstanding criminal judgment at issue, unlike here. *See Wallace,* 549 U.S. at 393, 127 S.Ct. 1091. Parker's claim against Betz accrued as soon as all events underlying his cause of action occurred—that is, upon Betz's entry of the disputed March 26, 2011 order denying Parker relief. *See id.* at 388, 127 S.Ct. 1091.

clearly violated one of his statutory or constitutional rights. *See id.* Greenwood therefore also enjoys immunity from Parker's damages claim. *See id.* at 268–69, 113 S.Ct. 2606; *Waits,* 516 F.2d at 206.

Second, were it appropriate, neither we nor the District Court can grant the injunctive relief Parker requested. Among federal courts, only the Supreme Court may directly review and reverse the Family Court's decisions regarding Parker's child-support obligations and information disclosure. *See* 28 U.S.C. § 1257(a); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 291–92, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (citations omitted). We also lack jurisdiction to compel the state court or its officers to disclose documents to Parker or report new credit information. *See In re Wolenski,* 324 F.2d 309, 309 (3d Cir.1963).

Moreover, Parker did not plausibly allege his entitlement to such orders. While he sought release of the information under FOIA, FOIA governs only federal agencies, not state entities such as the Family Court. *See* 5 U.S.C. § 551(1); *St. Michael's Convalescent Hosp. v. California,* 643 F.2d 1369, 1373 (9th Cir.1981). Parker argues that under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), due process required disclosure of "exculpatory" evidence. The *Brady* doctrine, however, typically applies in the context of criminal proceedings and concerns suppression of evidence by the prosecutor, not the court. *See Brady,* 373 U.S. at 87, 83 S.Ct. 1194; *Demjanjuk v. Petrovsky,* 10 F.3d 338, 353–54 (6th Cir.1993); *NLRB v. Nueva Eng'g, Inc.,* 761 F.2d 961, 969 (4th Cir.1985). Further, Parker did not plausibly allege the existence of any evidence showing his entitlement to reduced payments or—if such evidence existed—that it was not considered by the Family Court in determining Parker's child-support obli-

gation. *See Kyles v. Whitley,* 514 U.S. 419, 433, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (explaining that *Brady* doctrine requires a reasonable probability of a different outcome if evidence had been disclosed).

■ As for Parker's claim that Greenwood libeled him by providing "opprobrious information" about him to credit reporting agencies, the Fair Credit Reporting Act ("FCRA"), in pertinent part, bars defamation claims against "any person who furnishes information to a consumer reporting agency ... except as to false information furnished with malice or willful intent to injure." 15 U.S.C. § 1681h(e). Parker did not indicate exactly what information was provided, but presumably it concerned his child-support arrearages. His complaint does not support a reasonable inference either that the information was false or that Greenwood acted with malice or intent to injure in reporting it. *See id.* Hence, the FCRA would prohibit his libel claim.

### IV.

■ We review the District Court's denial of reconsideration for abuse of discretion. *See Long v. Atl. City Police Dep't,* 670 F.3d 436, 446–47 (3d Cir.2012); *Morris v. Horn,* 187 F.3d 333, 341 (3d Cir.1999). Although Parker invoked Fed.R.Civ.P. 60(b), his grounds for reconsideration amount to arguments that the District Court erred in dismissing his claims. Allegations of legal error do not warrant relief under Rule 60(b) and are properly asserted in a Fed.R.Civ.P. 59(e) motion. *United States v. Fiorelli,* 337 F.3d 282, 288 (3d Cir.2003). Even if analyzed under Rule 59(e), Parker's arguments fall short. He has not shown that the District Court made a clear legal or factual error, and points to no applicable change in law or

new evidence to support altering or amending the judgment. *See Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999). Accordingly, the District Court did not abuse its discretion in denying reconsideration.

For the foregoing reasons, we will affirm the judgment of the District Court. Appellees Betz and Greenwood's motion to seal unredacted documents is granted. Appellees Verricchio and the Family Court's motion to be excused from filing a brief is granted.