**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1737
_____

ANTHONY PARKER,
                                              Appellant
v.

LEHIGH COUNTY DOMESTIC
RELATIONS COURT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-17-cv-00564)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 16, 2017

Before: SHWARTZ, COWEN and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 17, 2017)
_____

OPINION[*]
_____

PER CURIAM

        In February 2017, Anthony Parker filed a civil rights complaint in the District

Court against the Domestic Relations section of the Family Division of the Lehigh

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

County Court of Common Pleas ("Family Court"). Parker claimed that the Family Court had violated his constitutional rights by dismissing his petition to modify his support order and seizing money from his bank account. Parker asked the District Court to order the Family Court to reopen the support proceedings so that he could lodge various objections. The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e) because, among other reasons, Parker's claims were barred by the Rooker-Feldman doctrine. Parker appealed.[1]

We will affirm the District Court's judgment. The District Court lacked jurisdiction under the Rooker-Feldman doctrine to review, either directly or indirectly, the Family Court case. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (explaining that the Rooker-Feldman doctrine bars suits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal under 28 U.S.C. 1915(e). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).