J-S78028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| D.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| A.R.(D.) | : | |
| | : | |
| Appellant | : | No. 1067 WDA 2017 |

Appeal from the Order Entered January 20, 2017
In the Court of Common Pleas of Blair County Orphans' Court at No(s):
4712 GN 2005

| | | |
|---|---|---|
| D.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| A.R.(D.) | : | |
| | : | |
| Appellant | : | No. 1218 WDA 2017 |

Appeal from the Order August 14, 2017
In the Court of Common Pleas of Blair County Civil Division at No(s):  4712
GN 2005

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 04, 2018**

In this consolidated Appeal, A.R.(D.) ("Mother") appeals the January 20, 2017 and August 14, 2017 Orders entered in the Court of Common Pleas of Blair County that granted primary physical custody of S.D. ("Child") to D.D. ("Father") and required Child to move from Florida to Pennsylvania. After careful review, we vacate and remand for the trial court to engage in analysis of the 23 Pa.C.S. § 5337 relocation factors for the appeal docketed

_____
* Retired Senior Judge assigned to the Superior Court.

at No. 1067 WDA 2017. Further, we quash the appeal docketed at No. 1218 WDA 2017 because the trial court lacked jurisdiction to enter the Order on appeal, rendering the Order a legal nullity.

The relevant factual and procedural history is as follows. Mother and Father, who share legal and physical custody of fourteen-year-old Child, have a long history of custody disputes. On December 22, 2014, over Father's objection, the trial court granted Mother's Petition to Relocate and permitted Child to move from Pennsylvania to Florida with Mother.[1] On April 13, 2016, Father filed a Petition to Modify Custody ("Petition to Modify") requesting primary physical custody of Child. On January 20, 2017, after a hearing, the trial court granted Father's Petition to Modify, granted Father primary physical custody of Child, and permitted Child to move back to Pennsylvania.[2,3]

On February 15, 2017, Mother filed an Emergency Petition for Special Relief ("Motion for Reconsideration") asserting that Child had changed his preference of where he wanted to live, which the trial court deemed a Motion

---

[1] The Order is dated December 19, 2014, but does not appear on the docket until December 22, 2014.

[2] The Order granted primary physical custody to Father "beginning 1 week after the last day of school for Bell Creek Academy in 2017."

[3] The Order is dated January 19, 2017, but does not appear on the docket until January 20, 2017.

for Reconsideration. On the same day, the trial court granted reconsideration and scheduled a hearing for June 14, 2017. The trial court rescheduled the hearing to June 22, 2017, and heard testimony from Child. On June 23, 2017, the trial court denied Mother's Motion for Reconsideration.[4,5]

On July 21, 2017, Mother filed a Notice of Appeal. Mother complied with Pa.R.A.P. 1925(b) and in her Rule 1925(b) Statement, she alleged, *inter alia*, that the trial court erred when it failed to consider the 23 Pa.C.S. § 5337(h) relocation factors and failed to permit Mother to testify at the reconsideration hearing. **See** Rule 1925(b) Statement, 7/21/17.

---

[4] The Order is dated June 22, 2017, but does not appear on the docket until June 23, 2017.

[5] We acknowledge that the trial court did not render its reconsidered decision within 120 days of its decision to grant reconsideration. Generally, in custody matters, a trial court must render its reconsidered decision within 120 days of the date that it grants a motion for reconsideration. **See** Pa.R.C.P. No. 1930.2(c). However, if the trial court grants reconsideration within the 30-day appeal period, Rule 1930.2(e) permits the trial court to issue an order directing that additional testimony is needed. **See** Pa.R.C.P. No. 1930.2(e). "If the court issues an order for additional testimony, the reconsidered decision need not be rendered within 120 days, and the time for filing a notice of appeal will run from the date the reconsidered decision is rendered." Pa.R.C.P. No. 1930.2(e). Instantly, after the trial court granted reconsideration, the court ordered a hearing and heard testimony, which extended the period to issue a reconsidered decision. Thus, we conclude that the trial court's reconsidered decision is timely pursuant to Pa.R.C.P. No. 1930.2(e).

On July 28, 2017, the trial court *sua sponte* entered an Order reopening the record of the Motion for Reconsideration to schedule testimony from Mother. Order, 7/28/17. On August 14, 2017, after a hearing at which Mother testified, the trial court once again denied Mother's Motion for Reconsideration and issued an Opinion and Order analyzing the relocation factors pursuant to 23 Pa.C.S. § 5337(h). Mother timely appealed. Both Mother and the trial court complied with Pa.R.A.P. 1925.

On September 7, 2017, this Court granted Mother's request to consolidate the above referenced appeals.

Mother raises the following issues for our review:

1. Whether the trial court had jurisdiction pursuant to Pa.R.A.P. 1701(a) to enter the portion of the July 28, 2017 [Order,] "reopening the record of the Motion for Reconsideration" and the two Orders entered August 11, 2017?

2. Even if the trial court had jurisdiction to enter the August 11, 2017 "Opinion and Order [-] Relocation Factors[,"] whether the trial court erred and abused its discretion in its analyses of the [23 Pa.C.S. § 5337(h)] relocation factors as its conclusions regarding factors (1), (2), (5) and (7) were not supported by the record? Further, whether the trial court also erred and abused its discretion it its analyses of said relocation factors as the record did not support any change from the conclusions drawn by the Honorable Daniel J. Milliron in the January 9, 2015 [] Opinion.

3. Whether the trial court erred and abused its discretion in its analyses of the [23 Pa.C.S. § 5328(a)] custody factors as its conclusions, finding factors (1), (3-6)[,] (8-10), neutral or in support of Father, were not supported by the record? Further, whether the trial court abused its discretion it its analyses as the record did not show any change from the record at the proceeding before the Honorable Daniel J. Milliron which generated the Opinion and Order of January 9, 2015?

- 4 -

4. Whether the trial court erred and abused its discretion in concluding that "the child's best interest is served by giving *determinative weight*" to the preference of [Child]? (Emphasis added.)

5. Whether the trial court erred and abused its discretion as Father failed to meet his burden of establishing that the relocation will serve the best interest of [Child]?

Mother's Brief at 4-5 (reordered for ease of disposition, footnote omitted).

In her first issue on appeal, Mother avers that pursuant to Pa.R.A.P. 1701, the trial court lacked jurisdiction to enter the July 28, 2017 Order that reopened the record for Mother's Motion for Reconsideration. Mother further argues that, consequently, the trial court lacked jurisdiction to enter any subsequent orders, including both the August 14, 2017 Order and Opinion denying reconsideration and the August 14, 2017 Order and Opinion analyzing the 23 Pa.C.S. § 5337(h) relocation factors.[6] We agree.

Rule 1701(a) states, in pertinent part, "after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701. Moreover, this Court has held that a lower court does not have jurisdiction to *sua sponte* reconsider an order after an appellant has timely appealed to this Court. **See Baronti v. Baronti**, 552 A.2d 1131, 1132 n.1 (Pa. Super. 1989)*.* Accordingly, the trial court did not have jurisdiction to *sua sponte*

---

[6] The Orders are dated August 11, 2017, but do not appear on the docket until August 14, 2017.

reconsider its January 20, 2017 Order after Mother timely appealed the Order.[7]  *See* Pa.R.A.P. 1701(a); ***Baronti, supra.***

Since the court lacked jurisdiction, the July 28, 2017 Order and all subsequent orders, including the August 14, 2017 Order denying reconsideration, are legal nullities.  ***See Bell v. Kater***, 839 A.2d 356, 358-59 (Pa. Super. 2003) (determining that the trial court's order was a legal nullity because it was entered after appellant filed a notice of appeal and Rule 1701 did not provide any applicable exceptions).  Accordingly, this Court does not have jurisdiction to consider the appeal of that order.  ***See Commonwealth v. Garcia***, 43 A.3d 470, 478 (Pa. 2012); 42 Pa.C.S. § 742. We, therefore, quash the appeal docketed at No. 1218 WDA 2017.  ***See Garcia***, ***supra.***  In light of this disposition, we decline to address Mother's second issue.

In Mother's remaining issues, she avers that the trial court erred in its analysis of the 23 Pa.C.S. § 5328(a) custody factors and that there was

---

[7] Pa.R.A.P. 1701(b)(3) carves out an exception and allows a trial court to grant reconsideration of the order that is the subject of the appeal if (1) an application for reconsideration is timely filed in the trial court, and (2) an order expressly granting reconsideration of such prior order is timely filed. As the trial court had already disposed of Mother's Motion for Reconsideration, there was no application for reconsideration pending before the court when the court *sua sponte* entered its July 28, 2017 Order reopening the record and, thus, the Rule 1701(b)(3) exception did not apply.

insufficient evidence to determine that a change in custody and relocation from Florida to Pennsylvania was in the child's best interest.

The Child Custody Act, 23 Pa.C.S. §§ 5321-5340, governs all custody proceedings commenced after January 24, 2011. *E.D. v. M.P.,* 33 A.3d 73, 77 (Pa. Super. 2011). A trial court must consider sixteen custody factors when deciding a Petition for Custody and ten relocation factors when deciding a Petition for Relocation. *See* 23 Pa.C.S. § 5328; 23 Pa.C.S. § 5337. The party proposing the relocation has the burden of establishing that the relocation will serve the best interest of the child. 23 Pa.C.S. § 5337(i)(1). Notably, "in a custody case where neither parent is relocating, but the children stand to move a significant distance, **trial courts should still consider the relevant factors of section 5337(h) in their section 5328(a) best interests analysis.**" *D.K. v. S.P.K.*, 102 A.3d 467, 476. (Pa. Super. 2014) (emphasis added). This Court has acknowledged, "several of the relevant factors of [S]ection 5337(h) are encompassed, directly or implicitly, by the custody factors listed in [S]ection 5328(a)." *Id.* at 478. Nevertheless, "[a]ny relevant [S]ection 5337(h) factor that is not expressly encompassed in [S]ection 5328(a) should be considered by the trial court under the catchall provision of [S]ection 5328(a)(16)." *Id.*

Instantly, the trial court ordered a change in custody that required Child to move a significant distance from Florida to Pennsylvania. While the trial court analyzed the Section 5328(a) custody factors, the court failed to

analyze the relevant Section 5337(h) relocation factors as required. Accordingly, we are constrained to remand the appeal docketed at No. 1067 WDA 2017 for the trial court to engage in an analysis of the Section 5337(h) relocation factors.[8]

In conclusion, we quash the appeal docketed at No. 1218 WDA 2017 because the trial court lacked jurisdiction to enter the Order on appeal, and, thus, the Order is a legal nullity. We vacate the Order docketed at No. 1067 WDA 2017 and remand for the trial court to engage in an analysis of the 23 Pa.C.S. § 5337(h) custody factors.

Order vacated. Case remanded with instructions. Appeal docketed at No. 1218 WDA 2017 is quashed. Jurisdiction relinquished.

_____

[8] We recognize that the trial court engaged in an analysis of the Section 5337(h) relocation factors in its August 14, 2017 Order and Opinion. This analysis occurred after Mother appealed the January 20, 2017 Order granting Father primary physical custody, after the trial court reopened the record, and at the same time that the trial court entered the August 14, 2017 Order denying reconsideration for the second time. However, a trial court is required to analyze the custody and relocation factors at or near the time it issues its decision; it is not sufficient to provide analysis of the factors after an appeal is taken. **A.M.S. v. M.R.C.**, 70 A.3d 830, 835 (Pa. Super. 2013). Further, as stated above, the trial court lacked jurisdiction to enter the August 14, 2017 Order denying reconsideration and, thus, that Order is a legal nullity.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2018