**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2920
_____

ANTHONY PARKER,
Appellant

v.

LEHIGH COUNTY OFFICE OF DOMESTIC RELATIONS;
TAMMY E. STEPHEN; MICHELLEE L. PAVLACK;
RICHARD (DICK) BETZ; HALA T. KHOURLY;
CATHERINE M. ROSEBERRY; JULIA GREENWOOD

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-23-cv-03263)
District Judge: Honorable Mitchell S. Goldberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 20, 2024

Before: JORDAN, PHIPPS, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 21, 2024)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

In August 2023, pro se appellant Anthony Parker filed a civil rights complaint in the District Court claiming that his rights had been violated during child-support proceedings in Lehigh County.[1] He named as defendants the Domestic Relations section of the Family Division of the Lehigh County Court of Common Pleas (LCDRS), a Court of Common Pleas judge, and several LCDRS employees.

In the complaint, Parker alleged that the defendants had abused their authority and conspired to violate his constitutional and statutory rights in numerous respects, including by ordering him to pay arrears for now-terminated child-support orders; garnishing his income to satisfy an Indiana support order; issuing two support orders for the same child; and obstructing his appeal rights by, among other things, failing to submit a docket statement to the Superior Court of Pennsylvania and failing to provide him copies of prior "three-year review" orders. Parker sought monetary and punitive damages, as well as a declaration that his rights had been violated. He also asked the District Court to

---

[1] This is Parker's fifth civil rights action relating to the child-support proceedings. All of his previous complaints were dismissed. See Parker v. Lehigh Cty. Domestic Rels. Ct., No. 13-6368, 2014 WL 11430961, at *5 (E.D. Pa. Apr. 15, 2014), aff'd, 621 F. App'x 125 (3d Cir. 2015) (per curiam) (not precedential); Parker v. Lehigh Cty. Domestic Rels. Ct., No. 17-0564, 2017 WL 5515959, at *1 (E.D. Pa. Feb. 28, 2017), aff'd, 696 F. App'x 96 (3d Cir. 2017) (per curiam) (not precedential); Parker v. Lehigh Cty. Domestic Rels. Sect., No. 20-3655, 2020 WL 5993650, at *1 (E.D. Pa. Oct. 9, 2020); Parker v. Greenwood, No. 20-5334, 2021 WL 978900, at *1 (E.D. Pa. Mar. 15, 2021), aff'd, C.A. No. 22-1677, 2022 WL 17411380, at *1 (3d Cir. Dec. 5, 2022).

"extinguish terminated child support orders garnished as costs and arrears." Compl. 8, ECF No. 2. The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2) because, among other reasons, the defendants were immune from suit. Parker appealed.[2]

We will affirm. We agree with the District Court's thorough and well-reasoned opinion and will not fully repeat its analysis here. First, as the District Court has advised Parker several times, the LCDRS is immune from suits filed in federal court. See Benn v. First Jud. Dist. of Pa., 426 F.3d 233, 239–41 (3d Cir. 2005) (holding that courts in Pennsylvania's unified judicial system are state entities entitled to Eleventh Amendment immunity). Second, we agree with the District Court that Melissa T. Pavlack, a judge of the Lehigh County Court of Common Pleas, is entitled to judicial immunity for the alleged wrongful actions she took in her judicial capacity.[3] See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (explaining that a judge is immune from suit for monetary damages arising from her judicial actions, even corrupt or malicious ones, unless she "has

---

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal under 28 U.S.C. 1915(e). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

[3] Although the doctrine does not bar a claim for declaratory relief, see Larsen v. Senate of Pa., 152 F.3d 240, 249 (3d Cir. 1998), there is no such claim here. Declaratory relief is "prospective in nature," CMR D.N. Corp. v. City of Phila., 703 F.3d 612, 628 (3d Cir. 2013), while Parker's request for a "declaration" that the LCDRS judge violated his rights seeks to address alleged conduct in the past, see Parker, 2022 WL 17411380, at *2 n.5 (so ruling in Parker's previous appeal).

acted in the clear absence of all jurisdiction"). Third, for the reasons the District Court explained, LCDRS staff attorneys and hearing officers are entitled to quasi-judicial immunity for implementing and enforcing the child-support orders. See Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 772 (3d Cir. 2000). And, to the extent that Parker objects to a defendant's alleged failure to submit a docket statement to the Superior Court, we have previously concluded that this fails to state a claim, see Parker, 2022 WL 17411380, at *2, and Parker has provided no basis for us to revisit that decision. Lastly, the District Court correctly noted that it could not grant the injunctive relief Parker requested because, among federal courts, only the Supreme Court may directly review and reverse the LCDRS's decisions, see Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291–92 (2005), and the District Court lacked jurisdiction to compel the state court or its officers to disclose documents to Parker, see Parker, 621 F. App'x at 130 (so holding in prior appeal).[4]

We have reviewed Parker's arguments on appeal and conclude that they are meritless. In particular, to the extent that he argues that the LCDRS lacked personal jurisdiction over him and his ex-wife, he must raise this issue in the child-support proceedings. See Exxon Mobil, 544 U.S. at 291–92.

---

[4] We see no error in the District Court's alternative bases for dismissing Parker's complaint.